[Civil No. 795.    Filed March 20, 1903.]

[71 Pac. 944.]

E. HAYOIS et al., Defendants and Appellants, v. THE SALT RIVER VALLEY CANAL COMPANY, Plaintiff and Appellee.

1. WATER AND WATER-RIGHTS—IRRIGATION—CANAL—TRESPASS—BREAKING HEADGATES—REMEDY—EQUITY—INJUNCTION—PLEADING—COMPLAINT—SUFFICIENCY.—In an action by an irrigation company to restrain defendants from entering upon its canal, interfering with the headgates therein, and interfering in the operation and management of its said canal and headgates, a complaint alleging ownership and possession of an irrigating ditch in plaintiff, which

was used to convey water to plaintiff's stockholders and water-right holders, who were appropriators thereof, and had contracted with plaintiff for the carriage and delivery of all the water flowing in said canal; that plaintiff owned and maintained headgates for delivery of said water; that none of defendants were stockholders or water-right owners, nor had any contractual relations with plaintiff, nor any right, title, or interest in or to the canal, or waters flowing therein; that defendants had agreed to enter upon the canal and break the headgates, for the purpose of diverting water for their own use; that defendants had actually entered upon the canal, broken the headgates, and threatened to continue so to do; that the threatened acts of defendants would result in irreparable damage to plaintiff, against which it had no adequate remedy at law, sets forth all necessary facts to entitle plaintiff to the relief prayed.

2. EQUITY—PRACTICE—PLEADING—CROSS-BILL—NATURE—MUST BE GERMANE TO ORIGINAL BILL.—A cross-bill in equity must be germane to the original bill, and must not bring in new issues which would constitute the subject of an independent suit.

3. SAME—SAME—SAME—SAME—WATER AND WATER-RIGHTS—IRRIGATION—ACTION TO RESTRAIN INTERFERENCE IN OPERATION OF CANAL—CROSS-BILL TO DETERMINE PRIORITIES—DEMURRABLE.—In an action by an irrigation company brought for the purpose of restraining defendants from breaking the headgates and interfering with the management of plaintiff's canal, a cross-bill setting up that defendants were prior appropriators of water, and owners thereof, and praying that all parties claiming water should be made parties to the suit, with the view to the full adjudication of their respective rights to water, is demurrable as not germane to the original bill.

4. WATER AND WATER-RIGHTS — IRRIGATION — JUDGMENT—RESTRAINING INTERFERENCE IN OPERATION OF CANAL—EVIDENCE—SUFFICIENCY—EQUITY.—Evidence tending to prove that plaintiff owned and had been in undisputed possession and control for many years of a canal; that defendants had no proprietary interest therein, or contract relations with plaintiff, nor authority to enter upon the canal for any purpose; that prior to the commencement of this action the defendants, by mutual agreement, had entered upon said canal, broken various headgates therein, and taken therefrom water to which they claimed they were entitled by reason of former use and appropriation; that a repetition of said acts was threatened, involving injury and vexatious consequences to plaintiff company, which was then engaged in carrying water only for its stockholders and water-right owners is sufficient to sustain a judgment perpetually enjoining defendants from in any wise entering upon the canal of plaintiff or interfering with the headgates, or in any manner obstructing the plaintiff in the free and uninterrupted use and operation of its canal.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge.    Affirmed.

The facts are stated in the opinion.

E. W. Lewis, for Appellants.

Allegations of conclusions of serious and irreparable injury, apprehended and threatened, not supported by facts or circumstances tending to justify it, are insufficient.    *McHenry* v. *Jewett,* 90 N. Y. 61.

The demurrer of plaintiff to the cross-complaint of defendants should have been overruled because the cross-complaint is germane to matters in the original complaint, seeks affirmative relief for defendants concerning matters in the original complaint, seeks a discovery of facts necessary to a proper determination of the suit, and seeks to obtain relief for all parties.    Shipman on Equity Pleading, pp. 303, 304.

C. F. Ainsworth, for Appellee.

"Where the continued use or the threatened danger is such as to cause reasonable fear of irreparable injury, it is not essential that there should be actual damage or even contemplated violation of the plaintiff's right in order to entitle him to the protection of equity."    *Lawson* v. *Menasha Woodenware Co.,* 59 Wis. 393, 48 Am. Rep. 528, 18 N. W. 440; *Spear* v. *Cutter,* 5 Barb. 488; *Hart* v. *Mayor etc.,* 3 Paige, 214; Willard on Equity Jurisprudence, 383; *Livingston* v. *Livingston,* 6 Johns. Ch. 497, 10 Am. Dec. 353.

The matters set up in the cross-bill are not germane to the matter involved in the original bill or complaint.    *Ex parte Railroad Co.,* 95 U. S. 221, 24 L. Ed. 355; *Fidelity etc. Co.* v. *Mobile etc. Ry. Co.,* 53 Fed. 850; *Shields* v. *Barrows,* 17 How. 145, 15 L. Ed. 163; *Ayres* v. *Carver,* 17 How. 593, 15 L. Ed. 180; *The Dove,* 91 U. S. 385, 23 L. Ed. 355; *Griffith* v. *Merritt,* 19 N. Y. 530; *Field* v. *Schieffelin,* 7 Johns. Ch. 251; *Buscher* v. *Volz,* 25 Ind. App. 400, 58 N. E. 269; *Las Vegas Water Co.* v. *Mayor etc. Co.,* 10 N. M. 6, 60 Pac. 208.

DAVIS, J.—This was an action brought by the appellee corporation against E. Hayois and seventeen other defend-

ants, owning lands lying under the Salt River Valley Canal, in Maricopa County, to enjoin and restrain said defendants from entering upon said canal, interfering with the headgates therein, or in any manner obstructing the appellee in the operation and management of its said canal and headgates. The complaint set forth by formal averments the ownership and possession of said canal in the plaintiff; that said canal was an irrigating ditch, used and occupied by the plaintiff for the sole purpose of conveying water from the Salt River to its stockholders and water-right holders, who were appropriators thereof, and had actual use for said water in the irrigation of their lands; that said water-right owners and stockholders had contracted with the plaintiff for the carrying and delivery of all of the water flowing in said canal, for their irrigation purposes aforesaid; that the plaintiff owned and maintained headgates at various points in said canal, which it used for the purpose of the delivery and economical distribution of the water therefrom; that none of the defendants were stockholders or water-right owners, nor had any contractual relations with the plaintiff, nor any right, title, or interest in or to the canal, or the waters flowing therein. The complaint further alleged an agreement among the defendants to enter upon the canal and break the headgates thereof, for the purpose of diverting water from the canal to their own use, the actual entry and breaking of said headgates by the defendants, and a threatened repetition of such breaking. There were also allegations that the threatened acts of the defendants would result in irreparable damage and injury to the plaintiff, against which it had no adequate remedy at law. Upon this complaint a temporary injunction was granted. The defendants interposed a general demurrer to the complaint, which was overruled. An answer was then filed by the defendants, together with a cross-complaint. In their cross-complaint the defendants undertook to set forth fully the history of the water situation in the Salt River Valley, — the different canals; their inception; their several modes of organization and incorporation; their methods of distribution of water; the control exercised by them; the matter of "water rights," so called; the long use and occupation by the defendants of their lands; how the water was originally obtained by, and furnished to, them; the present method; the depriva-

tion of their rights by the plaintiff company; their demand upon the plaintiff for water, and tender of payment therefor, and the refusal of plaintiff to furnish them with water unless the defendants would procure water-right deeds; the need of water for the cultivation of their lands; and the wrongful diversion thereof by the plaintiff, other canal companies, and other water users. The prayer of the cross-complaint was that the various canal companies in said valley, and every water user, might be made parties to said action, with the view to the full determination and adjudication therein of their respective rights to the use and control of the water of said valley, and for certain provisional relief pending the final adjudication of such rights. A demurrer by the plaintiff to this cross-complaint was sustained. Thereafter the defendants filed an amended answer, and the case went to trial upon the issues made by the complaint and amended answer. The district court rendered judgment perpetually enjoining the defendants from in any wise entering upon the canal of the plaintiff, or interfering with the headgates located therein, or in any manner obstructing the plaintiff in the free and uninterrupted use and operation of its said canal, and that plaintiff recover costs against the defendants. A motion for a new trial was denied, and the defendants have brought the case to this court for review.

Numerous errors are assigned by the appellants, but all of the questions which are essentially involved may be considered under the following three heads: (1) The overruling of the demurrer to the complaint; (2) the sustaining of the demurrer to the cross-complaint; and (3) the sufficiency of the evidence to sustain the judgment.

It is possible that the complaint in this action contained matter which, upon motion, could have been properly stricken out as surplusage; but, after a careful analysis of this pleading, we cannot agree with counsel for the appellants in his contention that it failed to set forth all the necessary facts required to entitle the plaintiff to the relief which it was seeking. The plaintiff's ownership and possession of the canal was alleged in a way to sufficiently show its right to the management and control thereof. The wrongful acts of the defendants in entering upon the canal and breaking the headgates therein, and the threatened repetition of the trespass,

VIII Ariz.—19

were set forth in a manner which made clearly apparent the character of the injury which was impending, and no further averments than these were needed to enable the court to determine the inadequacy of a remedy at law. Three conditions are declared as essential to relief by injunction against trespass: First, admission or adjudication of plaintiff's rights; second, admission or adjudication of defendant's wrong; third, inadequacy of remedy at law. Formerly courts of equity rigidly abstained from interfering in any case prior to the establishment of the plaintiff's title to the possession, but in later times that is seldom required. Where the injury resulting or likely to result from the trespass is irreparable in its nature, either in respect of being compensated for pecuniarily, or because, from the circumstances, no estimate of the damages can be made with reasonable accuracy, the inadequacy of legal remedies is sufficiently apparent. Spelling on Injunctions and Extraordinary Remedies, 2d Ed., sec. 338. The commission of a mere trespass, as such, will not ordinarily be restrained. There must be some great vexation from continued trespasses, or some irreparable mischief which cannot easily be measured by money damages, to authorize the interference by injunction. *De Veney* v. *Gallagher,* 20 N. J. Eq. 33; *Lembeck* v. *Nye,* 47 Ohio St. 336, 24 N. E. 686, 8 L. R. A. 578, 21 Am. St. Rep. 828. There was here pleaded the threat of continued trespasses, involving in their natural consequences a multiplicity of suits, and the element of irreparable injury as well, so that the equitable jurisdiction of the court was properly invoked. The legal remedy is not adequate unless the injured party can, by a single action at law, have pecuniary damages which will constitute a complete and certain relief for the whole wrong,—a relief virtually as efficient as that given by a court of equity. This is the consensus of modern decisions of the highest authority.

2. The demurrer to the cross-complaint was based primarily upon the ground that the matters embraced in said cross-complaint were not germane to the plaintiff's action. It is well settled in equity practice that a cross-bill must be germane to the original bill; that is, it must be brought touching the very matters in question in the original bill, and must not bring in new issues which would constitute the subject of an independent suit. The new facts which it is proper for a defendant

to introduce into a pending litigation by means of a cross-bill are such, and such only, as it is necessary for the court to have before it, in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action on which the complainant rests his right to aid or relief.  If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter, not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill.  5 Ency. of Plead. & Prac., p. 640, and cases there cited.  The plaintiff's action was brought for the purpose of restraining the defendants from breaking the headgates and interfering with the management of its canal.  To the determination of this controversy all questions relating to the ownership of the water were wholly immaterial.  It was the ownership of the canal, and not the water, which constituted the basis of the plaintiff's right to the relief it was asking.  A determination most favorable to the defendants of the various questions sought to be injected by the cross-complaint would have failed to show that they had any interest in the canal, or lawful warrant for interfering with the management and control thereof; and, since the settlement of these questions could have no possible bearing upon the plaintiff's cause of action, they were not matters which could be properly adjudicated in this suit. As was said by the learned judge of the trial court in his opinion, "Whether they [defendants] are the oldest settlers in the valley, whether they are the first appropriators of water from the Salt River, whether they have an absolute and unquestioned right to the water, no one has the right to forcibly break open the headgates of the canal, or divert water therefrom, in interference with the established rules and regulations of the canal company, because he is not getting the water to which he may be entitled.  To hold otherwise, or to allow each user of water to judge for himself of when and how he may use and divert water carried in a canal, and how much he may use, and to exercise such judgment by opening this or that headgate, in opposition to the canal company's management, would be productive of such confusion, waste, ill feeling,

and probable violence as to make it impossible for a court to sanction it, on the ground of public policy alone, if on no other ground.'' The matters contained in the cross-complaint had no relevancy to the plaintiff's cause of action, and the trial court properly sustained the demurrer thereto.

3. There was evidence on the trial tending to prove that the plaintiff was the owner of the Salt River Valley Canal, and had been in undisputed possession and control thereof for many years next preceding the commencement of this action; that the defendants had no proprietary interest therein, or contract relations with the plaintiff, nor authority to enter upon the canal for any purpose; that prior to the commencement of this action the defendants, by mutual agreement, had entered upon said canal, broken various headgates therein, and taken therefrom water to which they claimed they were entitled by reason of former use and appropriation; that a repetition of said acts was threatened, involving injury and vexatious consequences to the plaintiff company, which was then engaged in carrying water only for its stockholders and water-right holders. The evidence presented by the plaintiff upon these several points was practically uncontradicted, and is, we think, amply sufficient to sustain the judgment.

We find no error in the record, and the judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.