## GILL *et al.* v. HAYNES.

No. 2069.   Opinion Filed May 9, 1911.

(115 Pac. 790.)

1.   **APPEAL AND ERROR—Assignment of Error—Sufficiency—Indefiniteness.** An assignment in a petition in error, that the court erred in rendering judgment for defendant in error and against the plaintiff in error without stating what errors had been committed, is too indefinite and is not sufficient to secure a review of any alleged errors occurring on the trial.

2.   **SAME—Review—Evidence—Motion for New Trial.** To secure a review of the evidence and of alleged errors occurring on the trial of a cause before a referee, a motion for a new trial must be filed in the trial court within three days after the filing of the report of the referee.

3.   **SAME—Necessity of Motion for New Trial.** All matters occurring on the trial, which are proper causes for a motion for new trial, will be deemed to be waived unless preserved by a timely motion for a new trial.

4.   **SAME—Review—Record—Motion for New Trial.** The evidence taken before a referee and reported to the court in accordance with an order to that effect does not become a part of the judgment roll or record proper so that the same may be reviewed without a motion for a new trial.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County; W. L. Barnum,
Judge.*

Action by S. J. Haynes against E. W. Gill and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*Frank F. Lamb,* for plaintiffs in error.
*William M. Matthews,* for defendant in error.

DUNN, J. This case presents error from the district court of Okmulgee county, Okla. The record discloses that the trial was had before a referee, who on June 6, 1910, filed in the office of the clerk of the district court his report containing his findings of fact and conclusions of law, together with the testimony taken therein, all of which was in accordance with the order of reference. A decree confirming the same was filed on June 28, 1910. On the day following, plaintiffs in error filed their motion for a new trial, which in due course was denied, and the case has been brought to this court for review.

A motion has been lodged by counsel for defendant in error seeking the dismissal of the action on the ground, among others, that the motion for new trial was not filed in time to preserve for presentation to this court the errors urged in the petition in error and which are alleged to have occurred on the trial. We have examined the petition in error and find that assignment No. 1 is: "The court erred in rendering judgment for plaintiff below, defendant in error, and against plaintiffs in error." This assignment is ineffective, being too indefinite, in that it does not set forth the errors complained of as required by the Code of Civil Procedure. *Board of Com'rs v. Oxley,* 8 Okla. 502, 58 Pac. 651.

The propositions raised in the balance of the assignments all relate to alleged errors occurring on the trial and which were proper causes to be assigned for a new trial in a motion to that effect. Section 5827, Comp. Laws of Oklahoma, 1909, relating to the time within which a motion for a new trial must be filed, is mandatory. *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733. And matters occurring on the trial which are proper causes for a motion for a new trial will be deemed to be waived unless presented in a motion for a new trial. *Garner v. Scott, Adm'r, ante,* 115 Pac. 789, an opinion of this court delivered at this term, and *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944. And in order to

secure a review of the evidence, or of errors occurring on the trial had before a referee, a motion for a new trial must be filed within three days after the filing of the referee's report, and, where not so filed, all causes for a new trial necessary to be raised by a motion for that purpose are waived.

The testimony taken upon an order such as was made in this case becomes a part of the appeal record, and not the judgment roll, or record proper, and the same cannot be reviewed here except on a timely motion for a new trial. Under these authorities, it therefore follows that the motion to dismiss must be sustained, and it is so ordered.

All the Justices concur.