## WILSON v. MANN.

No. 2758.  Opinion Filed May 20, 1913.

(132 Pac. 487.)

1.  **APPEAL AND ERROR—Assignment of Error—Sufficiency.** An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party, and against the other, presents nothing. for this court to review.

2.  **SAME—Petition in Error—Sufficiency.** The petition in , error should, in a concise and specific manner, clearly point out the particular error or errors complained of and which it is sought to have reviewed.

(Syllabus by Brewer, C.)

*Error from Craig County Court;*
*S. F. Parks, Judge.*

Action between Robert A. Wilson and J. E. Mann. From the judgment, Wilson brings error. Affirmed.

*Seymour Riddle,* for plaintiff in error.
*W. H. Kornegay,* for defendant in error.

Opinion by BREWER, C. The petition in error in this case was filed in this court on June 20, 1911, and the only assignment of error therein is as follows:

"Said Robert Wilson avers that there is error in said record and proceedings in this, to wit, that said court erred in its judgment and final order in this case, made and entered on the 2d day of February, A. D. 1911, which said judgment and order is in the words and figures following, to wit."

Then follows a copy of the journal entry of the judgment.

This assignment of error presents nothing for the consideration of this court. From it plaintiff's particular grievance does not appear. The specification of error is merely equivalent to saying that the court erred in rendering a judgment for one party and against the other.

To be availing the petition in error should, in an orderly and specific manner, clearly point out the error or errors complained of and sought to be reviewed. The general allegation that the court erred in rendering a particular judgment, setting it out, is not sufficient. *Board of Com'rs v. Oxley,* 8 Okla. 502, 58 Pac. 651; *Willet v. Johnson* 13 Okla. 563, 76 Pac. 174; *Gill v. Haynes,* 28 Okla. 656, 115 Pac. 790; *De Vitt v. El Reno,* 28 Okla. 315, 114 Pac. 253.

There being nothing for this court to review, the case should be affirmed.

By the Court: It is so ordered.