### CONNELLY et al. v. ADAMS et al.

No. 3692.    Opinion Filed April 13, 1915.

Rehearing Denied November 16, 1915.

(152 Pac. 607.)

1. **APPEAL AND ERROR—Assignments of Error—Sufficiency.** This court will not review assignments of error which do not clearly point out the wrong complained of.

2. **SAME—Brief—Evidence.** In order to have reviewed by this court the action of the trial court in the admission or rejection of evidence, there must be clearly shown by the brief the evidence complained of and the ground upon which objection to such evidence is predicated.

3. **SAME—Assignments of Error—Abandonment—Brief.** Where an assignment of error is not argued in the brief or supported by authorities, such assignment of error is held to be abandoned.

4. **SAME—Sufficiency of Assignments.** An assignment of error, which, in effect, merely alleges that the court erred in rendering judgment for one party and against the other, presents nothing to this court for review.

(Syllabus by Collier, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by G. W. Connelly and another against Richard C. Adams and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

*George & Campbell,* for plaintiffs in error.

*J. P. O'Meara* and *M. E. Michaelson,* for defendants in error.

Opinion by COLLIER, C.  This action was commenced by plaintiffs in error to cancel and remove cloud from title to the land described in the petition—an oil and gas mining lease that had been given by the grantors of the plaintiffs in error.  The case was tried to the court, and judgment rendered denying the relief prayed for by plaintiffs in error, and ordering "that the defendants in error and each of them be, and they are hereby, ordered and directed to proceed in the development and operation of said lands for oil and gas within a reasonable time, and in the event of failure to do so, that the said lease be, and the same is hereby, cancelled," and taxing the costs to plaintiffs in error.  To reverse said judgment, this appeal is prosecuted.

Plaintiffs in error assign the following alleged errors, to wit:

"(1) That said court erred in overruling the motion of said plaintiffs in error for a new trial.

"(2)  Said court erred in admitting evidence on the part of the defendants in error objected to by plaintiffs in error.

"(3) Said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiffs in error.

"(4) Said court erred in rendering a judgment and decree against said plaintiffs in error refusing to cancel said lease and refusing to quiet the title of said land in said plaintiffs in error as against said defendants in error.

"(5) Said court erred in rendering a judgment and decree adjudging and decreeing that said defendants be

required to proceed to develop and operate said lands for oil, and gas within a reasonable time, or, in the event of their failure to do so, that the lease be canceled.

"(6) That said court erred in rendering judgment against said plaintiffs and in favor of said defendants for costs of said action."

Plaintiffs in error have not pointed out wherein the court erred in overruling the motion for a new trial, or argued said assignment. In *Brunson v. Emerson et al.*, 34 Okla. 211, 124 Pac. 979, it is said:

"This court, in *Ferguson et al. v. Union Nat. Bank*, 23 Okla. 37, 99 Pac. 641, had occasion to consider the question of what constituted a brief. It was there held that the primary object was to convey information to the court, and that this could not be done without clearly stating the manner in which the controverted points arose, the facts constituting the groundwork of the legal dispute, and the governing propositions of law. It was there said: 'It is not enough to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong, or the point will not be considered as having been made. Counsel cannot make a point in an appellate tribunal by a naked assertion; for such an assertion will not be heeded. * * * But, in order to secure so much as notice of the point stated, they must support it by a fair effort, adducing arguments, and, if they can, cite authorities. A bare designation of a ruling as erroneous, without discussion, is not sufficient to entitle counsel to successfully insist that he has made a point.' "

The second assignment of error does not specifically point to what evidence admitted on behalf of defendants in error against the objection of plaintiffs in error was prejudicial to plaintiffs in error; nor does the brief of plaintiffs in error set out the ground on which the objection to said evidence was predicated.

The third assignment of error is subject to the same infirmity as stated to the second assignment of error.

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto, and a failure to do so precludes a consideration of such assignment of error under rule 25 (38 Okla. x, 95 Pac. viii) of this court." (*Avants v. Bruner,* 39 Okla. 730, 136 Pac. 593.)

The fourth and fifth assignments of error are not argued in the brief of plaintiffs in error, and are not supported by authority, and therefore must be considered as abandoned by plaintiffs in error. *De Vitt et al. v. City of El Reno et al.,* 28 Okla. 316, 114 Pac. 253; *Francis v. First National Bank of Eufaula,* 40 Okla. 267, 138 Pac. 140.

The sixth assignment of error presents nothing to this court for review.

"An assignment of error which, in effect, merely alleges that the court erred in rendering judgment for one party, and against the other, presents nothing to this court for review." (*Wilson v. Mann,* 37 Okla. 475, 132 Pac. 487.)

As the assignments of plaintiffs in error do not present any question which this court can review, the appeal in this case should be dismissed.

By the Court: It is so ordered.