## LONGEST et al. v. LANGFORD.

No. 8455—Opinion Filed Dec. 24, 1917.

(169 Pac. 493.)

(Syllabus.)

**1. Appeal and Error—Assignment of Error —Sufficiency.**

"An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party and against the other presents nothing for this court to review."

**2. Same—Petition in Error—Form.**

"The petition in error should, in a concise and specific manner clearly point out the particular error or errors complained of and which it is sought to have reviewed."

Error from District Court, Jefferson County; Cham Jones, Judge.

Action between C. J. Longest and others and W. C. Langford. Judgment for the latter, and the former bring error. Affirmed.

J. H. Harper, for plaintiffs in error.

Guy Green, for defendant in error.

RAINEY, J. The petition in error filed in this case contains the following assignments of error as grounds for reversal:

"(1) The court erred in overruling the plaintiffs in error's motion to vacate the order denying the petition of plaintiff in error to vacate and set aside the judgment.

"(2) Said court erred in denying the plaintiffs in error's petition to vacate the judgment.

"(3) The court erred in not rendering judgment for the plaintiffs in error vacating and setting aside said judgment.

"(4) Said court erred in matters of law occurring at the trial.

"(5) Because said court was not a legally constituted court under the laws and Constitution of the state of Oklahoma, an affidavit having been filed disqualifying the judge trying this petition in error to set in said cause."

The substance of the first three assignments of error is that the court erred in rendering judgment for the defendant in

error and against the plaintiffs in error, and under the decisions of this court these assignments do not present anything for this court to review. Wilson v. Mann, 37 Okla. 475, 132 Pac. 487; Board of Com'rs v. Oxley, 8 Okla. 502, 58 Pac. 651; Willet v. Johnson, 13 Okla. 563, 76 Pac. 174; Gill v. Haynes, 28 Okla. 656, 115 Pac. 790; De Vitt v. El Reno, 28 Okla. 315, 114 Pac. 253.

Under the fourth assignment of error plaintiffs in error contend that J. H. Williams, one of the several defendants in the action against whom the judgment was rendered, had died after the institution of the suit, and before the trial, and that the joint judgment rendered against him and the other defendants was for this reason void. The record discloses that at a term of the court, preceding the term at which the judgment sought to be vacated was rendered, the cause was dismissed as to the defendant J. H. Williams, and that his name was included in the judgment by mistake. The court entered a nunc pro tunc order dismissing the action as to said defendant as of the date the order was actually made, and corrected the judgment rendered at the trial by striking Mr. Williams' name therefrom. The entering of the order nunc pro tunc is not assigned in the petition in error as a ground for the reversal of the judgment, and we will assume that the same was properly entered on sufficient evidence. There is no merit in the remaining assignment of error that the court was not legally constituted, because an affidavit had been filed disqualifying the judge who presided at the hearing of the petition to vacate the judgment. The disqualifying affidavit is not in the record, and it does not appear that the trial judge ever certified to his disqualification, or was, in fact, disqualified. In addition to this, this assignment of error is not argued in the brief, and the same will be considered as abandoned.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

All the Justices concur.