## NEIL v. UNION NAT. BANK OF CHANDLER et al.

No. 8495—Opinion Filed March 5, 1918.

Rehearing Denied March 4, 1919.

(178 Pac. 659.)

(Syllabus.)

1. Appeal and Error—Assignment of Error—Sufficiency.

An assignment of error, which in effect merely alleges that the court erred in rendering judgment for one party and against the other, presents nothing for this court to review.

2. Judgment — Default Judgment—Time—Statute.

In the absence of some statutory limitation, a judgment upon default may·be rendered at any time during any term of court after the time fixed or allowed for answer has expired, notwithstanding the case was not placed on the trial docket prepared and printed pursuant to sections 5040 and 5041, Rev. Laws 1910.

3. · Judgment—Correction of Record—Entry.

The clerk of the district court may, at any time during the term at which the proceedings were had, correct, amend, or supply omissions to make the records speak the truth, and where a judgment was rendered on the 30th day of December, 1915, as shown by the clerk's minutes, and where on February 5, 1916, and during the same term the court signed a precedent for judgment, it was not irregular for the clerk to enter such judgment on the journal.

4. Attorney and Client—Authority—Waiver of Jury Trial.

An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts necessary or incidental to the prosecution and management of the suit which affect the remedy as distinguished from the cause of action, and such an attorney has the right to waive a jury and consent to try his client's case on a date before the action regularly stood for trial.

5. Mortgages—Foreclosure — Sufficiency of Petition.

The petition on which the judgment in the instant case was based, examined, and held to state a cause of action.

6. Appeal and Error—Judgment—Conditions Precedent—Presumption.

In the absence of any showing in the record to the contrary, the Supreme Court will presume that the trial court followed the law and did not render the judgment of foreclosure until proof was made that the mortgage tax imposed by chapter 246, Session Laws of 1913, had been paid.

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by the Union National Bank of Chandler, Okla., against Cora Neil, formerly Cora Walker, a single woman, and Cora Neil, as administratrix of the estate of Elizabeth Jackson, deceased, and others. Judgment for plaintiff against Cora Neil, motion to vacate the judgment overruled, and Cora Neil individually and as administratrix brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

W. H. Harris and Burford, Robertson, Hoffman & Burford, for defendant in error Union Nat. Bank of Chandler.

RAINEY, J. The parties to this action will be herein referred to as they appeared in the trial court.

The Union National Bank of Chandler, Okla., instituted this action in the district court of Lincoln county against Cora Neil, formerly Cora Walker, a single woman, and Cora Neil, as administratrix of the estate of Elizabeth Jackson, deceased, being the same person as Lizzie Jackson, and the same person as Mary Elizabeth Jackson, Thelma Walker, Wayne M. Walker, Courtland M. Feuquey, and Willie Boales West, Louise Esther West, and Isaac C. West, Jr., sole heirs of I. C. West, deceased.

The purpose of the action was to recover a personal judgment on three notes executed by Cora Neil, and to foreclose a mortgage given by her, in her individual capacity, upon "all her interest" in a certain quarter section of land in Lincoln county, to secure the payment of said notes. The allegations as to the other defendants in the action were that they had or claimed some interest in the land, and the petitioner prayed that said defendants be required to appear and set up such interest in said estate, if any they claimed or that they be forever barred. To this petition Cora Neil, in her individual capacity, answered, admitting the execution of the notes and mortgage, but sought to evade the same on equitable grounds, not necessary for the purposes of this opinion, to be recited here. Cora Neil, as administra-

trix, was made a party defendant, but did not plead to the plaintiff's petition.

On January 22, 1915, on motion of the plaintiff, the trial court rendered a judgment on the pleadings against the defendant, Cora Neil, which was afterwards vacated on her motion, whereupon the plaintiff filed its reply. Thereafter, on the 30th day of December, of the same year, at a nonjury term of the court, the cause was called for trial instanter, tried to the court, a jury being waived, and judgment rendered in favor of the plaintiff against Cora Neil on the notes and foreclosing the mortgage on the land as to the interest of Cora Neil. On the same day the notes and mortgages were filed for cancellation. At this hearing Cora Neil was represented by her attorney, F. A. Rittenhouse. The precedent for judgment was not filed until February 6th, which was during the term, but after Cora Neil had filed a motion to vacate the judgment. This motion to vacate was filed the same day the precedent for judgment was filed, and was signed by Messrs. Erwin & Erwin, as her attorneys, and these gentlemen also represent her in this court. The appearance docket of December 30th showed the following proceedings:

"Dec. 30, Cause called for trial instanter.

"Dec. 30, Tried to court, jury waived.

"Dec. 30, Judgment in favor of plaintiff per J. E., foreclosing interest of Cora Neil for attorney's fee, $150.00.

"Dec. 30, filed 3 notes (30), file one Mtg."

The precedent for judgment, filed on February 5th, recites that the plaintiff appeared by its attorneys, and that Cora Neil appeared by her attorney, F. A. Rittenhouse; that the parties present and represented in open court waived a jury, and consented to the submission of the cause to the court upon the issues joined between the plaintiff and the several defendants. On April 3d thereafter, the court overruled the motion to vacate the judgment, and from this order Cora Neil, in her individual capacity, and as administratrix of the estate of Elizabeth Jackson, deceased, has appealed to this court.

The defendant, in her individual and in her representative capacity as administratrix, has made eight assignments of error, but the first, second, third, and eighth assignments of error merely allege, in effect, that the court erred in refusing to vacate the judgment, which assignments are insufficient to present any question for the consideration of this court. Longest et al. v. Langford, 67 Okla. 155, 169 Pac. 493; Wil-

son v. Mann, 37 Okla. 475, 132 Pac. 487; Board of Com'rs v. Oxley, 8 Okla. 502, 58 Pac. 651; Willet v. Johnson, 13 Okla. 563, 76 Pac. 174; Gill v. Haynes, 28 Okla. 656, 115 Pac. 790; De Vitt v. El Reno, 28 Okla. 315, 114 Pac. 253.

The remaining assignments of error are as follows:

"(4) That the court erred in overruling the motion of the plaintiff in error to vacate judgment for the reason that said judgment was irregularly obtained.

"(5) That the court erred in overruling the motion of the plaintiff in error to vacate judgment, for the reason that such judgment was rendered before the action regularly stood for trial.

"(6) That the court erred in overruling the motion of the plaintiff in error to vacate judgment, for the reason that such judgment was obtained by fraud practiced by the successful party apparent upon the face of the record and proceedings.

"(7) That the court erred in overruling the motion of the plaintiff in error to vacate judgment, for the reason that said judgment was void."

Under the fourth and fifth assignments of error, the defendant says that the court erred in calling the case for trial instanter, in violation of the provisions of section 5043, Rev. Laws Okla. 1910, which is as follows:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith."

In Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 Pac. 154, in construing sections 5040, 5041, and 5043, this court held that a judgment upon default may be rendered at any time during any term of court after the time fixed or allowed for answer has expired, notwithstanding the case was not placed on the trial docket prepared and printed pursuant to sections 5040 and 5041.

Since Cora Neil, as administratrix, was in default, there was no error in ordering the case to stand for trial forthwith and rendering default judgment against her, as administratrix. And we cannot agree with counsel for the defendant that the court erred in rendering judgment against Cora Neil in her individual capacity. The precedent for judgment, signed by the court, was filed during the term, although it was not

filed on the day the judgment was rendered. Counsel have not cited any authorities, and we have been unable to find any holding that this was error. In fact there are many authorities to the contrary. In re C. W. McQuown, 19 Okla. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136.

When we give full faith and credit to this judgment, as we must do in the absence of any showing in the record of any fraud or mistake, it appears that counsel for the defendant agreed to try the case at the time it was tried, and that he waived a jury. This he had a right to do, and it was not, as contended by present counsel for defendant, in effect a confession of judgment or a compromise of his client's cause of action. The journal entry recites that the court heard the evidence adduced and the statements and argument of counsel. While an attorney would not have the right to confess a judgment, nor to compromise his client's cause of action without authority from his client so to do, such an attorney, by virtue of his employment as such, with the approval of the court, has the implied authority to do whatever acts are necessary and proper to the regular and orderly conduct of the case, which affect the remedy only, and not the cause of action. 2 Ruling Case Law, No. 63, p. 986; Tobler v. Nevitt, 45 Colo. 231, 100 Pac. 416, 23 L. R. A. 702, 132 Am. St. Rep. 142, 16 Ann. Cas. 925; Board of Commissioners v. Younger, 29 Cal. 147, 87 Am. Dec. 164.

In a note to the last-named case in 87 Am. Dec. 167, many authorities are cited in support of this rule. For this reason, section 5043, supra, has no application.

We do not think there is any merit in the assignment of error that the judgment was obtained by fraud practiced by the successful party apparent upon the face of the record. After a careful examination of the motion to vacate the judgment we have been unable to find any reference to any fraud as a ground for the vacation of the judgment, and counsel have not in their brief attempted to point out any fraud apparent upon the face of the record, and none appears to us. As we understand counsel's argument in this particular, it is that the obaining of the judgment by the bank under the conditions hereinbefore specified constituted fraud. As we have already held that the judgment was not irregularly obtained, it is unnecessary to give any further notice to this claim.

Under the remaining assignment that the judgment was void, counsel urge that the judgment is void, for the following reasons:

First, because the petition does not state a cause of action.

Second, the findings and judgment are too vague and indefinite to show the relief granted.

Third, that the judgment is void for the reason that the statute prohibits the rendition of such judgment without the payment of the mortgage tax.

From what we have already said, it is evident that the petition did state a cause of action, as it was an ordinary suit on a promissory note, secured by a mortgage. Under the terms of the mortgage appraisement was waived, and as Cora Neil, in her pleadings, claimed to be the sole and only owner of the land, it was not error for the court to decree a sale of her interest in the land in the event she made default in the payment of the judgment. It is proper for the decree and order of sale to follow the terms of the mortgage. Jones on Mortgages (7th Ed.) No. 1575, p. 144.

The objection that the mortgage tax, imposed by chapter 246, Session Laws 1913, p. 684, was not paid before the judgment was rendered in the court below is presented for the first time in this court. The defendant has not incorporated in the record the evidence adduced at the trial of the principal action, or on the motion to vacate, and no reference whatever is made to the failure to pay the mortgage tax in the motion to vacate. An alleged error of the trial court, complained of for the first time in this court, will not be considered. Wichita Falls, etc., Ry. Co. v. Puckett, 53 Okla. 463, 157 Pac. 112; Render v. Lillard, 61 Okla. 216, 160 Pac. 705, L. R. A. 1917B, 1061; Tirey v. Darneal, 37 Okla. 611, 132 Pac. 1087; Stem v. Adams, 30 Okla. 101, 118 Pac. 382.

And in the absence of any showing in the record to the contrary, we must presume that the court followed the statute, and did not render the judgment of foreclosure until proof was made that the tax imposed by the above act had been paid.

The judgment of the trial court is affirmed.

All the Justices concur.