## CAROLINA v. MONTGOMERY.

No. 8697—Opinion Filed Jan. 7, 1919.

(177 Pac. 612.)

**1. Judgment—Collateral Attack.**

Where the judgment roll is regular upon its face, and contains the necessary jurisdictional averments, the same canont be collaterally attacked.

**2. Guardian and Ward—Appointment of Married Woman—Collateral Attack.**

The appointment of a married woman as guardian of her child is voidable, but not void. and the illegality of such appointment cannot be shown upon collateral attack.

**3. Appeal and Error—Assignment of Error.**

The assignment of error that the court erred in not rendering judgment for the defendant presents no question for review by this court.

**4. Appeal and Error—Rulings on Evidence —Record.**

Where the admission or exclusion of evidence is complained of, but such evidence is not set out in the brief, and the ground upon which such complaint is predicated is not stated, this court will not review the same.

**5. Guardian and Ward—Sale of Ward's Land—Failure to File Bond.**

The failure of a guardian to file the additional sales bond required to be filed prior to the sale of his ward's land under an order of court is not jurisdictional, and the failure to file such bond is a mere irregularity.

(Syllabus by Collier, C.)

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Hunter Montgomery against Jenetta Carolina and others, Judgment for plaintiff, and defendants bring error. Affirmed.

J. L. Emerick, for plaintiffs in error.

C. T. Huddleston, for defendant in error.

Opinion by COLLIER, C. In this cause, Hunter Montgomery, hereinafter called plaintiff, commenced this action against Jenetta Carolina, nee Sango, hereinafter styled defendant, to quiet his title to certain real estate described in the petition. It was stipulated and agreed between the parties, as evidence in the case:

"That Jenetta Carolina, nee Sango, is the allottee of the land involved in this case, and that there was allotted to her, as part of her allotment as a Creek freedman. the north half of the southeast quarter of section 20, township 10 north, range 9 east. Okfuskee county, Okla. That the defendant is a 'minor. That August Bruner, is the present guardian of Jenetta Carolina, nee Sango, having been appointed by order of the county court of Seminole county. Okla. That Gracie Williams, nee Sango, is the living mother of the defendant. That Dick Sango, now deceased, was the father of the defendant. That Dick Sango died about 1903 or 1904. That thereafter, and prior to 1907 some time, Gracie Williams married Robert Williams, who is to this date her husband, and has so been her husband since said marriage. That on or about the 13th day of May, 1912, Gracie Williams, the mother filed in the county court of Okfuskee county, Okla., her petition, asking that she be appointed guardian of the defendant, who is a minor. That upon said petition Gracie Williams waived notice of hearing and entered her appearance, and that on that day an order was made appointing Gracie Williams guardian of the minor. That a bond in the sum of $300 was fixed for said guardian to make, and that such bond was made by Robert Bruner and Mary Bruner, as sureties, and filed in the county court May 30, 1912, and on which date letters of guardianship were issued by said county court to said Gracie Williams. That said bond is indorsed with reference to the approval thereof as follows: 'I hereby approve this bond this 27th day of May. 1912. [Seal.] W. A. Huser, County Judge.' That said guardian took the oath of office on May 13. 1912. which oath is attached to the letters of guardianship and filed therewith on May 30 1912, in the county court."

There was introduced in evidence the proceedings of the county court having jurisdiction of said minor's estate, as follows:

(1) Petition of the said guardian, Gracie Williams. to sell the lands in controversy for "the proper support and education of said ward. and in order that ward's real estate be not lost for the nonpayment of taxes, and that the proceeds of such sale not needed for the above reasons be invested to produce an income for the said ward."

(2) A decree of the court. made on the 1st day of July, 1912, the said day the petition was filed, authorizing Gracie Williams. as guardian of the estate of the said defendant, to sell the lands in controversy.

(3) Return by said guardian of the sale of said lands, showing that the said lands were sold to the plaintiff for the sum of $------.

(4) Order setting hearing of the return of sale of real estate. made on the 20th day of July, 1912 fixing the 30th day of July, 1912, for hearing the same; and

(5) Order confirming sale of real estate

to plaintiff, made on the 30th day of July, 1912.

There was also introduced in evidence the additional bond required to be given by the guardian, which bond shows to have been executed upon the 20th day of July, 1912, approved on the 29th day of July, 1912, and filed on the 30th day of July, 1912. It was further in evidence that the verification of the petition for sale of said land was before the attorney, who was a notary public, who represented the guardian in said petition of sale.

There was also uncontradicted evidence that on the 30th day of July, 1912, the plaintiff drew a check payable to Gracie Williams, guardian, for the amount of $1,105, which check was paid on July 13, 1912, by the Okemah National Bank of Okemah, and that said money was deposited to the credit of Gracie Williams. There was other evidence in the case, which we deem unnecessary to recite for a proper decision of this case.

The court found for the plaintiff for the lands described in the petition, to which the defendant duly excepted. The defendant's motion for a new trial having been overruled and excepted to, the defendant perfected an appeal to this court.

The errors assigned are:

"(1) Overruling of plaintiff's motion for a new trial. (2) In not rendering judgment for defendant. (3) Ruling out competent evidence and legal testimony. (4) Holding that the county court of Okfuskee county had jurisdiction to appoint Gracie Williams, mother of plaintiff, as her guardian, notwithstanding said Gracie Williams was at the time a married woman. (5) In holding that the county court, on the 1st day of July, 1912, had jurisdiction to authorize said Gracie Williams, as guardian, to sell the lands of the said ward; there being, at the time said order was made, no petition for such sale was on file or before the county court. (6) That the said court erred in confirming said sale made by Gracie Williams as guardian of the defendant."

The second error assigned presents no question to this court for review.

"An assignment of error that the court erred in not rendering judgment for the defendant does not direct the court's attention to any fact showing cause for reversal, and presents nothing to this court for review." Connelly v. Adams, 52 Okla. 382, 152 Pac. 607; Nelson v. Reynolds et al., 59 Okla. 168, 158 Pac. 301.

The third error assigned does not point out the evidence complained of, and the grounds upon which the same is predicated, and hence will not be considered by this court. Connelly v. Adams, supra; First Bank of Maysville et al. v. Alexander, 49 Okla. 418, 153 Pac. 646.

The fourth error assigned presents the question as to the illegality of the appointment of a married woman as guardian of her minor child. It is earnestly contended by the defendant that such appointment is void, and with this contention we do not agree. We are of the opinion that an appointment of a married woman as guardian of her child would be voidable, but not void, and therefore the attack upon such appointment, being in the instant case a collateral attack, cannot avail.

Section 6530, Revised Laws 1910, reads:

"The father of the minor, if living, and, in case of his decease, the mother, while she remains unmarried, being themselves respectively competent to transact their own business, and not otherwise unsuitable, must be entitled to the guardianship of the minor."

In Johnson v. Johnson et al., 60 Okla. 206, 159 Pac. 1121, it is held:

"Where, in an action in ejectment, the plaintiff, in order to prove title to herself, assailed the validity of the record of the county court, appointing for her a guardian, who as such, pursuant to an order of the court, had subsequently sold and conveyed the land in controversy, to one of the defendants, held, that such was a collateral attack, and that the record, being one of a court of general jurisdiction as to probate matters, could not be impeached by any evidence or allegation that the guardian appointed by the county court was himself, at the time of such appointment, a minor."

In the body of the opinion it is said:

"It seems clear under the decisions of this court in Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090, Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, and Scott v. Abraham, 60 Okla. 10, 159 Pac. 270, * * * that the allegations by the plaintiff as to the minority of a guardian could not properly be entertained in this action, and therefore the demurrer was properly sustained. The cases above cited clearly set forth the principle that the county courts in this state, in the exercise of their powers in probate, are courts of general jurisdiction, that their records, regular upon their face, cannot ordinarily, in an action of ejectment, be impeached by evidence aliunde the record, and that in appointing guardians, where the record is regular upon its face, this court will presume that every jurisdictional fact was determined by the trial court, and became a part of its judgment."

At the time the defendant's brief was filed in this case the fifth assignment of error as to the filing of a petition for said sale was possibly well taken; but since filing said brief the record has been amended, and said amendment of the record, leaves no basis for said assignment of error.

This being a collateral attack, and the record upon its face being regular, and containing all of the necessary jurisdictional averments, it cannot be held that the said court erred in confirming said sale of the lands of said minor, of the lands described in the petition in this case, to the plaintiff, and therefore the sixth assignment of error is without merit.

It is also insisted by the defendant that the failure of the guardian to file and have approved on additional sale bond, required to be filed and approved prior to the sale, renders said sale void, and with this contention we cannot agree. The authorities upon this question are not in unison, but the great weight of authority is that even a total failure to file such bond is a mere irregularity.

"The omission of the court to require, and of the guardian to give, a special sale bond is a mere irregularity which does not affect or impair the jurisdiction of the court which ordered and affirmed the sale, where the statute does not declare that, if a special bond be not given, a guardian's sale shall not be made, or that, if made, it shall be void, and where it does not provide that the order of sale shall became effective only when such special bond is given." 1 Church on Probate Law and Practice, p. 184.

"The failure of a guardian to give security, as required by section 15 of the act relating to guardians and wards, will not render void a sale regularly made and approved. Following Watts v. Cook, 24 Kan. 278." Lulu M. Howbert et al. v. Valentine Heyle, 47 Kan. 58, 27 Pac. 116.

Section 15, referred to in the above syllabus, is identical with section 6564, Rev. Laws 1910.

It is further insisted by the defendant that the petition of the guardian asking authority to sell real estate, having been sworn to before the attorney for the guardian, is void for that reason, and with this contention we cannot agree. This is a collateral attack upon a judgment of a court regular upon its face. The said petition having been sworn to before a notary, who was the attorney of the guardian, was only voidable, and therefore the contention of the plaintiff that the same was void is without force.

In Shanholtzer v. Thompson et al., 24 Okla. 198, 103 Pac. 595, 138 Am. St. Rep. 877, it is held:

"An affidavit filed in a case, executed before a notary public who is attorney of record appearing for the party offering the same, is voidable, and on being assailed for this reason, in the absence of a request for amendment, where such a course is permissible, should be held void."

In J. M. Swearingen v. J. C. Howser et al. 37 Kan. 126, 14 Pac. 436, it is held:

"The affidavit for an attachment sworn to by the plaintiff before a notary public, who is the attorney of record of the plaintiff in the action, is at most only voidable, and may be amended."

It follows that the motion for a new trial was properly overruled.

By the Court: It is so ordered.