## LEE et al. v. OKLAHOMA STATE BANK OF PONCA CITY.

No. 16825—Opinion Filed May 25, 1926.

Rehearing Denied July 13, 1926.

**Contracts—Consideration — Extension of Time for Payment or Forbearance to Sue.**

An extension of time for the payment of indebtedness or forbearance from suit on a valid cause of action constitutes a sufficient consideration for a new promise to pay a like amount to the party granting such extension or forbearing such suit.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by the Oklahoma State Bank of Ponca City against Joe Lee and Abe Lee, partners doing business under the style and firm name of Lee Brothers, on a promissory note. Judgment for plaintiff. Defendants bring error. Affirmed.

J. Z. Werby, for plaintiffs in error.

Embry, Johnson & Tolbert, for defendant in error.

WILLIAMS, C. The parties herein will

be referred to as they appeared in the trial court.

This action was commenced in the district court of Oklahoma county by the Oklahoma State Bank of Ponca City, as plaintiff, against Joe Lee and Abe Lee, partners doing business under the style and firm name of Lee Brothers, as de-endants, on a promissory note executed by Lee Brothers in favor of the bank. The petition was in the usual form. praying for the principal sum and for interest and attorney's fees.

The defendants filed a verified answer denying generally all of the allegations of plaintiff's petition; denying that they were in anywise indebted to plaintiff, and further alleging that the note sued on was without consideration.

A jury being waived, the action was tried to the court, which, after hearing the evidence, rendered judgment for the full amount sued for.

The record discloses that on November 21, 1920, Sam Lee of Ponca City loaned his two brothers, defendants herein, $1,000. About two years later, when Sam Lee was leaving for Europe, the defendants gave Sam Lee five notes of $200 each, to cover the loan of $1,000. Thereafter, and on October 20, 1922, and before maturity of the first of said series of notes, the Oklahoma State Bank of Ponca City bought the entire series of notes from Sam Lee. Defendants paid the first of said series of notes at maturity, and renewed the remaining four notes of $200 each by giving their note for $800 dated April 25, 1923. Thereafter, and on November 22, 1923, they renewed the $800 note by giving to the plaintiff bank the note sued on.

Defendants argue their several specifications of error under the following general proposition of law:

"The court erred in its refusal to permit the defendants to offer evidence in support of their contention that the note in controversy was not executed and delivered by them to the plaintiff for a valuable, or any consideration whatsoever, and that said note was without any consideration whatsoever."

We think it is sufficient to say that we have carefully examined the evidence, and offer of evidence, rejected, and find no error in its rejection.

The only contention seriously urged by defendants in this appeal is that there was no consideration for the note sued on as between the plaintiff bank and defendants. The defendants complain of the court's ruling rejecting evidence to show a lack of consideration moving from the plaintiff bank to the defendants. It appears that Sam Lee transacted most of the defendants' business for them with the bank, and that he delivered the defendants' renewal notes to the bank and received back the original four $200 notes, which were marked and stamped "paid." Defendants attempted to show that these original four notes had never been returned to them. Defendants concede that as to the original notes the plaintiff was a holder in due course, but contend that plaintiff abandoned that position when it delivered the sole consideration for the note in controversy (the original notes) to a person other than the makers, the defendants, thereby placing the defendants and Sam Lee in their original positions as debtor and creditor, respectively. There is no merit in this contention, and there was no error committed by the court in rejecting the evidence. The consideration for the note sued on is clearly shown to be the canceling of the first note for $800, marking the same "paid," and surrendering it, and the extension by the acceptance of the note sued on.

In the case of Sawyer v. Bahnsen et al., 102 Okla. 41, 226 Pac. 344, the first paragraph of the syllabus reads as follows:

"An extension of time for the payment of indebtedness or forbearance from suit on a valid cause of action constitutes a sufficient consideration for a new promise to pay a like amount to the party granting such extension or forbearing such suit."

The record shows conclusively that there was no prejudicial error in any of the court's rulings, and that had all of the evidence offered or tendered by the defendants been admitted, it would not in any way have changed the conclusion reached by the court. The evidence shows clearly that the defendants borrowed $1,000 from their brother, and gave him five notes for $200 each therefor; that the plaintiff bank, before maturity, for value, purchased these notes; that thereafter the defendants paid the first of these notes, and renewed the remaining four notes by giving their note dated April 23, 1923, for $800 to the plaintiff bank; that thereafter they renewed this note by giving the note sued on to the plaintiff bank, which is dated November 22, 1923, for $800, the execution of which is admitted, and which has not been paid, and which is owned and held by the plaintiff.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See 13 C. J. pp. 344, 345, § 194; anno. 19 L. R. A. (N. S.) 842; L. R. A. 1918C, 547; 6 R. C. L. p. 660; 2 R. C. L. Supp. p. 175; 4 R. C. L. Supp. p. 432.