## WATTERS v. BRADSHAW.

No. 16711—Opinion Filed June 29, 1926.

Rehearing Denied Feb. 15, 1927.

1. **Appeal and Error—Assignment of Error —Form—Sufficiency.**

The petition in error should, in a concise and specific manner, clearly point out the

particular error or errors complained of and which it is sought to have reviewed.

## 2. Same—Insufficiency of Assignment of Error.

An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party and against the other, presents nothing for this court to review.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Action by J. M. Bradshaw against Virgil Watters and others. From an order and decree in favor of plaintiff. defendant Virgil Watters brings error. Affirmed.

This action was commenced June 4, 1924, by plaintiff filing his petition in the district court of Roger Mills county against Virgil Watters and a large number of other defendants, for the purpose of quieting his title to certain lands described in the petition, and for possession of same. Plaintiff's title is based upon two certain tax deeds, one executed March 13. 1924, and the other April 10. 1924. Plaintiff's petition was in the usual form' for actions of this character, and exhibited the deeds relied on to establish his title.

Virgil Watters filed his separate answer, consisting of a general denial and an admission of the execution of the deeds relied on by plaintiff, but affirmatively alleged the invalidity of said tax deeds for various reasons therein stated. Plaintiff replied by general denial. No pleadings were filed by the other defendants.

Upon the issues framed by the petition, answer, and reply, the cause was tried to the court without a jury on September 10. 1924. and at the conclusion of all the evidence the case was taken under advisement by the court until the next term thereof, and counsel for both parties were granted leave to file briefs for consideration by the court. Thereafter, and on March 2, 1925, the court rendered judgment and entered its decree in favor of the plaintiff for possession of the premises involved and quieting his title thereto. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review.

A. A. Brown and S. A. Horton, for plaintiff in error.

A. G. T. Vaughn and Sylvester Grim, for defendant in error.

Opinion by LOGSDON, C. In the petition in error filed in this cause defendant alleges five errors, as follows:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial. (2) That said court erred in overruling the demurrer to the petition. (3) That said court erred in admitting evidence on the part of the defendant in error. (4) Said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error. (5) Said court erred in rendering judgment in favor of the defendant in error and against the plaintiff in error."

An examination of the index to the case-made, and of the pleadings contained in the case-made, does not disclose that any demurrer was ever filed against the petition of plaintiff in the trial court, so the second assignment of error finds no support in the record.

Under the third and fourth assignments of error, the attention of this court is not called or directed in any manner to the evidence alleged to have been erroneously admitted and excluded, and in the brief of defendant no reference is made to these assignments of error so that the same must be considered abandoned. In the case of Avants v. Bruner, 39 Okla. 730, 136 Pac. 593, this court said:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto, and a failure to do so precludes a consideration of such assignment of error under rule 25 of this court."

There remains for consideration by this court only assignment of error No. 5. It has been long established in this jurisdiction that an assignment of error alleging error of the trial court in rendering judgment in favor of the defendant in error against the plaintiff in error, without any specifications of the alleged errors relied on for a reversal, presents nothing to this court for review. In defendant's brief there are copious quotations from the evidence, but it is not shown that any of the evidence so copied in the brief is claimed to have been erroneously admitted. or that any of the evidence so copied was erroneously excluded by the trial court and tendered for the purpose of making a record. In fact, the entire brief appears to be devoted to the sole purpose of convincing this court that the trial court erroneously determined the preponderance of the evidence, the credibility of the witnesses, and the weight and value of their testimony. In the case of Longest et al. v.

Langford, 67 Okla. 155, 169 Pac. 493, this court reiterated the rule which has long been recognized and followed, as to the insufficiency of the assignment of error here presented to authorize this court to review the record of the trial. The first paragraph of the syllabus reads:

"An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party against the other presents nothing for this court to review."

To the same effect see: DeVitt et al. v. City of El Reno et al., 28 Okla. 316, 114 Pac. 253; Wilson v. Mann, 37 Okla. 475, 132 Pac. 487; Francis v. First National Bank of Eufaula, 40 Okla. 267, 138 Pac. 140; Connelly v. Adams, 52 Okla. 382, 152 Pac. 607, Nelson v. Reynolds et al., 59 Okla. 168, 158 Pac. 301; Carolina v. Montgomery, 74 Okla. 121, 177 Pac. 612.

The trial court, after hearing all of the evidence and arguments of counsel, determined that the two tax deeds here involved were valid. In the absence of specific assignments of error, pointing out to this court wherein the trial court erred to the prejudice of defendant upon the trial of said cause. a determination of defendant's fifth assignment of error would involve an examination and consideration by this court of the entire record of the trial and a weighing of the evidence, in order to determine its weight and value. This court has always refused to do this, and for the reasons stated in the authorities above cited and quoted from, it must be held that nothing is presented to this court in the instant case for review.

Let the judgment of the trial court be in all things affirmed.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 1357 §1504; 2 R. C. L. p. 161; 1 R. C. L. Supp. p. 419; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.