## NEASE et al. v. NATIONAL BANK OF COMMERCE at HUGO, OKLA.

No. 25066.   Oct. 22, 1935.

C. B. Snodgrass and R. H. Stanley, for plaintiffs in error.

G. M. Barrett, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error against the plaintiffs in error, who will hereafter in this opinion be referred to as they appear in the trial court, to recover on two promissory notes, one of said notes being in the principal sum of $1,900, due and payable April 27, 1932, with interest at the rate of 10 per cent. per annum from maturity and 10 per cent. additional as attorney's fee, amounting to $190, and the other of said notes being for the principal sum of $800, due and payable on October 15, 1932, with interest thereon at the rate of 10 per cent. per annum from date, and $80 attorney's fee, and for all costs of this action, the execution and delivery of said notes being alleged and set forth in two causes of action in plaintiff's petition filed herein. After the institution of this suit the second cause of action based on the $800 note was dismissed by plaintiff, and we have only the $1,900 note mentioned and referred to in the first cause of action set forth in plaintiff's petition to pass upon.

The defendant C. D. Nease filed answer herein to plaintiff's first cause of action in the form of a general denial and the following special defenses:

(1) That said note is void for want of consideration; (2) that said note is void for want of execution; (3) that said note is void for want of delivery to purported payee; (4) that said note is claimed by plaintiff to be in its possession as holder and owner, but that such is not the case;

(5) that plaintiff obtained possession of said note through connivance and misrepresentation practiced upon this defendant.

It appears from the evidence that on October 14, 1929. C. D. Nease, one of the defendants, as principal obligor, and R. M. Pyle, one of the defendants, and W. P. Houser and J. W. Moore, as sureties, executed to the plaintiff a guaranty contract, guaranteeing and securing a line of credit to C. D. Nease in the sum of $5,000, R. M. Pyle, one of the defendants herein, guaranteeing and securing the sum of $2,000, W. P. Houser, $2,000, and J. W. Moore, $1,000.

On August 28, 1931, C. D. Nease and R. M. Pyle executed a promissory note to plaintiff in the sum of $2,000, due and payable January 1, 1932, which plaintiff contends was taken in satisfaction of the obligation of C. D. Nease and R. M. Pyle under said guaranty contract of October 14, 1929. The interest on this note, together with $100 on the principal thereof, was paid, leaving a balance due on the principal of said note in the sum of $1,900, and on March 4, 1932, C. D. Nease and R. M. Pyle, the defendants herein, executed a renewal note for the balance of $1,900, due on the former note, which said renewal note was due and payable on April 27, 1932, with interest at 10 per cent. per annum from maturity and 10 per cent. additional as attorney's fee, if said note was placed in the hands of an attorney for collection. The defendants failed to pay said renewal note and this action was instituted by plaintiff thereon. Trial was had to a jury, and after all the evidence was taken, plaintiff filed motion for an instructed verdict for plaintiff, which said motion was sustained. The verdict was returned finding for plaintiff and fixing the amount of its recovery at $1,900 with interest at 10 per cent. per annum from April 27, 1932, and 10 per cent. additional as attorney's fee and costs. On March 28, 1933, the trial court rendered judgment on said verdict in said amounts. The defendants filed motion for new trial, which was overruled, from which this appeal was perfected.

The defendants in their motion for new trial set forth the following grounds:

"First. That there was an error of law, in view of the pleadings, in the ruling of the court to exclude from the testimony of the defendants all reference to the satisfaction and payment of prior contracts alleged in the pleadings. That the defendants were thereby denied the right to prove mistake as to the amount due plaintiff by defendants at the time of the date of the promissory note sued upon and defendants were further denied their right to show failure of consideration. That exception was made by the defendants to the ruling of the court and to the sustaining of objection of plaintiff to the introduction of evidence by defendants thereunder.

"Second. That in view of the testimony given in evidence, the verdict as to the defendant Pyle is not sustained by the evidence."

In the petition in error attached to the case-made filed herein and assignments of error, as set forth at page 21 of defendants' brief, the following grounds for reversal are set forth and alleged:

"(1) Said court erred in overruling the motion of the plaintiffs in error for a new trial.

"(2) Said court erred in not rendering judgment for the plaintiffs in error upon all of the evidence in said cause.

"(3) Said court erred in sustaining the demurrer of the National Bank of Commerce, at Hugo, of Hugo, Okla., a corporation, and instructing a verdict for the plaintiff.

"(4) Said court erred in ruling out competent and legal evidence on the part of the plaintiffs in error.

"(5) Said court erred in instructing the jury to return a verdict for the plaintiff in said cause, the National Bank of Commerce, at Hugo, of Hugo, Okla., a corporation, for the recovery of the sum of $1,900, with interest thereon at the rate of 10 per cent. per annum from the 27th day of April, 1932, until paid.

"(6) Said court erred in not permitting the case to go to the jury upon question of fact involved in the case."

The second ground as set forth in defendants' motion for new trial and the second ground set forth in defendants' petition in error and assignments of error are identical, but the same cannot be considered since this court has repeatedly held that they are too indefinite and present nothing for review. Board of County Commissioners of Woods County v. Oxley, 8 Okla. 502, 58 P. 651; Gill et al. v. Haynes, 28 Okla. 656, 115 P. 790; Wilson v. Mann, 37 Okla. 475, 132 P. 487; Connelly et al. v. Adams, 52 Okla. 382, 152 P. 607; Nelson v. Reynolds, 59 Okla. 168, 158 P. 301; Longest et al. v. Langford, 67 Okla. 155, 169 P. 493; Carolina v. Montgomery, 74 Okla. 121, 177 P. 612; Watters v. Bradshaw, 123 Okla. 259, 253 P. 87.

272

The third, fifth and sixth grounds as set forth in said petition in error and assignments of error cannot be considered on appeal, since they were not set up in the motion for new trial. Southwestern Cottonseed Oil Co., v. Bank of Stroud, 12 Okla. 168, 70 P. 205; Steger Lumber Co. v. Haynes et al., 42 Okla. 716, 142 P. 1031.

In the fourth ground of the defendants' petition in error and assignments of error, it is contended that the court erred in ruling out competent and legal evidence on the part of defendants, but we are of the opinion that the court committed no error in this respect. In addition to this the record fails to show defendants excepted to the ruling of the court on this ground, but instead affirmatively withdrew the question in connection with which this assignment of error was made. If defendants desired to take advantage of the court's ruling excluding such evidence, they should have objected thereto and saved their exception, which, as stated above, they did not do.

In the first ground of defendants' motion for new trial, the same question was raised with reference to the ruling of the court on excluding evidence, and since we are of the opinion that the trial court committed no error in this respect and no objection was made thereto and exception saved, the same rule above mentioned is applicable.

The defendants also complained in the said first ground of their motion for new trial that they were denied the right to prove mistake as to the amount due plaintiff by defendants at the time of the execution of the promissory note sued upon, and defendants were further denied the right to show failure of consideration. The record fails to disclose any attempt on the part of defendants to prove mistake as to the amount due on said promissory note, and even though an attempt were made to do so, which was excluded by the court, the matter cannot be given consideration on appeal for the reason that no objection was made thereto and exception saved. With reference to the trial court denying the right of defendants to show a failure of consideration, it is clear from the testimony of both defendants that said original note was given in payment of the guaranty contract and extended the time of payment of the indebtedness evidenced thereby, which in itself would be a sufficient consideration for the giving of said original note. The giving of the note sued upon also granted an extension to the defendants of time within which to pay the indebtedness and the evidence shows that said original note was delivered to the defendants at the time of the execution of said renewal note. The surrender of said original note and the extension of time of payment of the indebtedness evidenced thereby constituted sufficient consideration for the giving of said note. It was contended that there was no consideration for the original note, but the giving of the renewal note with knowledge of the failure of delivery or failure of consideration for the original note would constitute a waiver of these objections in giving the renewal note. Farmers State Bank of Belpre v. Harrington, 98 Okla. 293, 225 P. 705; Posey v. Citizens' State Bank, 93 Okla. 266, 220 P. 628; Franklin Phosphate Co. v. International Harvester Company of America, 62 Fla. 185, 57 South. 206; Campbell v. Newton & Driskill et al., 52 Okla. 517, 152 P. 841; Lee et al. v. Oklahoma State Bank of Ponca City, 119 Okla. 72, 247 P. 983; Security National Bank of Tulsa v. Bohnefeld, 131 Okla. 66, 267 P. 631.

The defendant Pyle states that he had no recollection of the giving of the renewal note, but testified with reference to an agreement that was made at the time of the giving of the original note, to the effect that said note was not to be delivered until others had signed the same. This, however, would have no application to the renewal note, and since the defendant Pyle stated that he had no recollection of the giving of the renewal note, his evidence must necessarily refer to the original note, and with such knowledge of said facts at the time of the execution of the renewal note, his signing said renewal note would constitute a waiver of any rights which he might have had on account of the fact that said original note was not to be delivered until others signed the same and that the same was given without consideration.

The first ground for reversal as set forth in petition in error and assignments of error, i. e., that the trial court erred in overruling defendants' motion for a new trial, depends for its decision upon whether or not the fourth ground as set forth in defendants' petition in error and assignments of error and the first ground set forth in defendants' motion for new trial are well taken, and since we have hereinabove decided that they are insufficient to justify a reversal of this case, this ground for reversal also fails.

Judgment of the trial court is therefore sustained.

It appears from the record that the defendants, C. D. Nease and R. M. Pyle, as

principals, executed a supersedeas bond with H. M. Cook, H. B. Nease, and H. Gibson, as sureties thereon, and that said bond was duly signed and approved in the trial court and a copy of the same is incorporated in the case-made. It is, therefore, ordered, adjudged, and decreed that the plaintiff, the National Bank of Commerce, at Hugo, of Hugo, Okla., a corporation, have judgment on the supersedeas bond against the defendants, C. D. Nease and R. M. Pyle, as principals, and H. M. Cook, H. B. Nease, and H. Gibson, as sureties thereon, for the principal sum of $1,900, with interest thereon at 10 per cent. per annum from April 27, 1932, and $190 attorney's fee and for costs, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys A. G. Cochran, Redmond S. Cole, and C. A. Coakley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cochran, and approved by Mr. Cole and Mr. Coakley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.