**W. R. BICKERSTAFF and Jeanine Bickerstaff, Appellees,**

v.

**Floyd GREGSTON and Billie Gregston, Appellants.**

**No. 52123.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 20, 1979.

Released for Publication by Order of Court of Appeals Dec. 20, 1979.

Earl P. Enos, Duncan, for appellees.

Kee, Kramer & Stuart by James L. Kee, Duncan, for appellants.

ROMANG, Presiding Judge:

This appeal challenges the District Court's issuance of an injunction against the Defendants-Appellants. In Appellants' Petition in Error "the precise point[s] of law to be urged as error," Rules—Civil Appellate Procedure 1.16(f), was stated to be "that the verdict [of which there was none], report or decision is not sustained by sufficient evidence or is contrary to law." 12 O.S.1971, § 990. Where the assignment of error is so general as to fail to state "the precise points of law . . . ." it fails as a Petition in Error and does not present any matter for review. *Longest v. Langford*, 67 Okl. 155, 169 P. 493 (1917); *National Surety Co. v. First Bank of Texola*, 67 Okl. 110, 169 P. 1091 (1917); and *Watters v. Bradshaw*, 123 Okl. 259, 253 P. 87 (1926). In this case the Petition in Error is too vague to preserve any error of law and presents this Court only with the question of the sufficiency of the evidence to support the District Court's judgment.

The Plaintiffs-Appellees brought this action to enjoin the Appellants from maintaining a fence erected down the middle of a portion of a street. The street was partially on land belonging to the Appellants and partially on land belonging to Appellees, or Appellees' predecessor in title (Sumner). The basis of Appellees' claim is that Appellants agreed to grant an easement of a 15 foot strip of their land for purposes of a street provided that Sumner, and later the Appellees, would bear the expense of the street. Appellants defended admitting an agreement but asserting that part of the agreement with Appellees included Appellees' agreement to fill in, at Appellees' expense, a gully running along the western edge of both properties. As this was not done Appellants deny any obligation to convey an easement.

The District Court entered findings of fact finding an agreement, Appellees purchase of the Sumner property and construction of a partially paved street in reliance on the agreement, and Appellants erection of a fence impeding the use of the road and ingress and egress to Appellees' land. The Court did not find the contents of the agreement other than through the Court's reliance on the post-agreement conduct of the parties. *Cf. Beck v. Traders & General Ins. Co.*, 182 Okl. 251, 77 P.2d 109 (1938).

In reviewing the judgment of a trial judge in an equitable action the appellate

court may exercise an independent judgment on the record, giving due deference to the trial judge's superior opportunity to observe the witnesses, but will affirm the judgment below unless it is against the clear weight of the evidence. *Public Service Co. of Okla. v. Home Builders Ass'n of Realtors, Inc.*, 554 P.2d 1181 (Okl.1976); *Brown v. Lambdin*, 531 P.2d 1386 (Okl. 1974); and *Boughan v. Herington*, 472 P.2d 434 (Okl.1970).

█ The record in this case is confused by the arguments of counsel. Language of promissory estoppel is mingled with arguments about whether an agreement was made or not. Where a contract is created by agreement of the parties the parties are held to their mutual promises or undertaking (or the unilateral promise where the exchange is that of a promise for an act). Promissory estoppel is a doctrine (originally of an equitable nature but now a part of the common law) whereby a person who reasonably relies to his detriment on another's promise is given by law the benefit of a contract wherein an agreement did not come to fruition. *Cf.* Restatement of Contracts (Second), T.D. 1–7, § 90 [1]. Thus where an agreement has been reached detrimental reliance on the contract can create no greater rights that one possesses under the contract. Greater reliance is considered at law unreasonable.

█ This distinction is important for the argument presented here. If part of Appellees' consideration was filling in the gully and this was not done, Appellants' promise to grant the easement would never have been activated. Part performance of a promise does not normally satisfy the condition for the reciprocal promise unless the variance is insubstantial. Moreover, the

record actually reflects an offer for a unilateral contract rather than an exchange of promises. From the various transactions it is clear that Appellants agreed to grant the easement if certain things were done. At no time did Appellees or Sumner promise Appellant that these things would be done. Nothing in the record indicates that Appellant could have sued Sumner or Appellees for their failure to perform. In such a case Appellants were entitled to complete performance before their obligation to grant the easement arose. While the law allows the offeree under an offer for a unilateral contract a reasonable period of time after beginning performance to complete, *cf.* Calamari and Pevillo, The Law of Contracts § 2–24 (2nd Edition 1977), it is clear that that time has passed allegedly without completion and the offer has been revoked by the erection of the fence.

Thus the critical issue for our resolution of the appeal is an issue not expressly addressed below, i. e., had Appellees done all that was requested in building the road or in failing to fill the gully did they fail to give the Appellants all that Appellants bargained for?

█ Although we have no findings on this issue by the trial court we may ignore the trial court's reasoning and affirm if the weight of the evidence warrants. *Public Service Co. of Okla. v. Home Bldrs. Ass'n of Realtors, Inc., supra.* And where the evidence is conflicting we will view the record favorably to affirmance.

█ In this case the parties disagreed as to the terms of the offer. The trial court took Appellees' view. A court is not required to make a finding on each

---

1. "§ 90. Promise Reasonably Inducing Action or Forbearance.

(1) A promise which the promissor should reasonably expect to induce action or forbearance on the part of the promissee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. *The remedy granted for breach may be limited as justice requires.*" (Emphasis added.)

Our cases tend to use promissory estoppel as a substitute for bargained for consideration with the consequence that once it is found the parties are granted remedies as if agreement were reached and the promissor is held to his promise. Thus Oklahoma may not agree with the emphasized sentence quoted, i. e. our remedies tend to be the full contractual remedies. *Cf.* comment d to this section and *Strahm v. Bd. of Trustees of Benevolent and Protective Order*, 203 Okl. 635, 225 P.2d 159 (1940).

issue presented.. Silence is permitted and appropriate. On the specific issue of filling the gully the evidence is conflicting and Appellants' evidence is confused if not inconsistent. So much depends on the resolution of credibility issues that we are unable to find that the trial court erred when it found the contract to include only the assumption of costs for and the building of a street. We affirm the judgment below.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.