## STEGER LUMBER CO. v. HAYNES *et al.*

No. 3146.   Opinion Filed August 25, 1914.

(142 Pac. 1031.)

1.   **MECHANICS' LIENS** — Subcontractor — Lien for Material — Amount.   A subcontractor, who furnishes material for the construction of a building, is not entitled to a lien, under section 4529, St. Okla. 1893 (section 3864, Rev. Laws 1910), to secure a claim for such material, to any amount in excess of the price at which he was bound by contract with the original contractor to furnish the same.

2.   **SAME** — Successor to Subcontractor—Lien for Material. Where D., a subcontracting materialman, enters into a contract with the original contractor to furnish material at a specified price for the construction of a building, and, after furnishing a portion of such material, sells his plant and business to S., who, in part consideration therefor, promises D. to furnish, and in fact does furnish, the remainder of such material under D.'s said contract, but without actual knowledge of said agreed price, and where D. is fully paid for the material furnished by him, and S. does not question D.'s right to such payment nor claim for himself any right to a pro rata participation in same, S. is not entitled to a lien, under section 4529, St. Okla. 1893 (section 3864, Rev. Laws 1910), for an amount claimed in excess of said contract price.

3.   **APPEAL AND ERROR**—Presentation for Review—Sufficiency. An error in the decision of the trial court not presented in a motion for a new trial, nor in the petition in error, nor as required by rule 25 of this court (38 Okla. x, 137 Pac. xi), in brief for plaintiff in error, will not be considered.

(Syllabus by Thacker, C.)

*Error from District Court, Bryan County;*
*Summers Hardy, Judge.*

Action by E. T. Haynes against the Steger Lumber Company and others.   Judgment for plaintiff, and defendant named brings error.   Affirmed.

*Utterback, Hayes & MacDonald* and *Kyle & Newman,* for plaintiff in error.

*V. B. Hayes* and *W. C. Caudill,* for defendants in error.

Opinion by THACKER, C.    Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court; but it should be here stated that E. B. Park and Sam Dane, who are hereinafter mentioned a number of times, were also defendants below.

This is an action by plaintiff under section 4536, St. Okla. 1893 (section 3878, Rev. Laws 1910, with minor changes in language), praying for an adjudication of a lien for $525.66 claimed by defendant, as a materialman, under section 4529, St. Okla. 1893 (section 3864, Rev. Laws 1910, with minor changes in language), on plaintiff's lot 4, block 152; the same cornering on Beech and Fifth streets, in Durant, Okla.

E. B. Park, as original contractor, constructed a dwelling house for plaintiff upon said lot under a contract whereby he was to furnish all labor and material and construct same for $3,010, plus $50 for certain extra work and material called for by an addendum made to the original plans and specifications as authorized in the original contract; and, notwithstanding plaintiff suffered some damage on account of Park's failure to construct the house according to the plans and specifications, he paid to and for Park $3,090.78, which is $30.78 in excess of the entire contract price.

Sam Dane, as owner of a lumber yard, orally agreed with the said Park to furnish all said material for $1,300; and defendant, who, by purchase, succeeded said Dane in said lumber yard business, assumed Dane's contract to furnish such portion of said material as Dane had not already furnished.    It appears that Dane had furnished and received pay for material amounting to $660, or perhaps $724 or $760.53 (these several sums being each named as correct in briefs, and that, too, without denial), at prices charged therefor, and as Dane's successor under the $1,300 contract furnished material amounting to $1,025.66 at prices charged therefor, upon which he was paid $500.

Defendant had complied with the provisions of section 3864, *supra,* and had done everything required by law to fix his materialman's lien upon said lot for a balance of $525.66 which re-

mained unpaid; and, upon a cross-complaint or petition in this suit, he sought to have his said lien found and foreclosed.

The case was tried to the court without a jury; and, after the evidence was heard, judgment was given for plaintiff and against defendant's claim of lien.

Defendant's only contentions appear to be: (1) That it furnished the material without knowledge that Dane had agreed to do so for $1,300; and (2) that Dane's contract was to furnish only one species of material ("lumber") for $1,300, as "lumber" only was named in speaking of that amount, and that $414.25 of defendant's lien claim was for material other than "lumber," and therefore would not in any event be subject to the $1,300 contract. We are unable to give our assent to either proposition.

We think it clear that plaintiff was entitled to make whatever defenses the original contractor, Park, might have made, under the facts in this case, against defendant's claim of lien; and it is equally clear that if, as found and decided by the trial court, defendant assumed Dane's contract, it is bound by the $1,300 limitation it imposes. The fact that defendant assumed the contract without knowledge of the $1,300 limit does not affect the questions involved in the issues between it and plaintiff; it no doubt could have ascertained the fact if it had desired.

In respect to the contention that "lumber" was the only species of material which Dane and the defendant, as his successor, were bound to furnish for $1,300, the evidence leaves room for some question; but, considering all the evidence and the entire record relating to this question, the inference that Dane contracted to furnish all such material used in this house that was in fact furnished by him and his successor seems warranted.

It is true that it is nowhere expressly stated by any witness that Dane agreed to furnish any material other than "lumber" for $1,300; but throughout the record there are questions and answers in which the word "material" alone is used in referring in one way or another to this $1,300 contract; and there is not a single instance in which either counsel or any witness use the word "lumber" in contradistinction to any other material fur-

nished by either Dane or defendant or used in the construction of the house. Further, an examination as to the material required by the plans and specification, and as to that furnished by Dane and defendant, shows only such material as would ordinarily be purchased with "lumber" from such lumber dealers and be included in such a contract.

We think it reasonably certain, from an examination of the whole record, that Dane's contract (which was assumed by defendant) was to furnish all the material actually furnished by him and defendant for $1,300; and, although the question of defendant's right to *pro rata* participation with Dane in this $1,300 fund suggests itself, there appears to be no contention for this, and Dane's right to all of the payments he received is not questioned.

We cannot assent to the proposition urged by plaintiff that the defendant was a subcontractor of another subcontractor (Dane), as it appears that he took Dane's place in the $1,300 contract for material and furnished the material to Park, the original contractor, and not to Dane; and we should be inclined to make an effort to discover the precise amount paid by plaintiff on said $1,300 contract, and to hold that defendant is entitled to a lien for the balance remaining unpaid, if the motion for new trial, the petition in error, and the brief for defendant presented this question; but they do not.

The defendant's brief is not in compliance with rule 25 of this court (38 Okla. x, 137 Pac. xi), requiring that the same "shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies"; and this question is in no manner presented therein.

The petition in error, in so far as it affects the issues between plaintiff and defendant, and in so far as it is copied in the brief, is as follows:

"The court erred in holding, as a matter of law, that Steger Lumber Company could not look to the contract price of $3,010, between Haynes, the owner, and Lige Park, the contractor, for pay for the material furnished, because the undisputed testimony

showed that Steger Lumber Company had no knowledge of the fact that Lige Park and Sam Dane had entered into a contract, by the terms of which the subcontractors were limited to the sum of $1,300 as a fund to look to for the payment of material furnished for said building. The court erred in his conclusion of law in holding that the defendant, Steger Lumber Company, was not entitled to a lien upon the property of E. T. Haynes for its pro rata part of $3,010, same being the contract price for the building, because the evidence showed conclusively that Haynes, the owner of the building, contracted with Lige Park, the contractor, and agreed to pay the sum of $3,010 for the construction of the building, and that Steger Lumber Company furnished material to go into said building, which amounted to $1,025.66, upon the order of the contractor, Park."

The motion for a new trial (which appears to have been literally followed in the petition in error) does not clearly, if at all, include any statutory ground; and, of course, the errors urged in argument in brief for defendant should not be considered if it does not; but we have assumed to the extent we have discussed questions of error, without deciding, that the motion may be construed as embracing the sixth statutory ground (section 4196, St. Okla. 1893; section 5033, Rev. Laws 1910) for the purpose of this decision; and the result in the state of this record and the briefs to defendant's claim of lien is the same whether the motion for new trial be regarded as stating a statutory ground therefor or not; it must fail in either case.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.