## NELSON v. REYNOLDS et al.

No. 7508—Opinion Filed May 23, 1916.

Rehearing Denied June 20, 1916.

(158 Pac. 301.)

1. **Contracts—Construction—Intent.**

A contract will be so construed as to give effect to the manifest intent of the parties.

2. **Appeal and Error—Assignments of Error—Sufficiency.**

An assignment of error that the court erred in entering judgment against plaintiff in error is too general, and does not direct the court's attention to any fact showing cause for reversal.

(Syllabus by Rittenhouse, C.)

Error from District Court, Muskogee County; Fred P. Branson, Judge.

Action by W. E. Reynolds against M. K. Ownby and others. Judgment for plaintiff, and defendant H. B. Nelson brings error. Affirmed.

W. C. Franklin and P. J. Carey, for plaintiff in error.

S. M. Rutherford and James W. Cosgrove, for defendants in error.

Opinion by RITTENHOUSE, C. On April 22, 1914, M. K. Ownby entered into a contract with W. E. Reynolds whereby it was agreed that W. E. Reynolds would drill a well on certain premises to the depth of 2,000 feet at a rate of $1.25 per foot, and in case oil and gas were found at a less depth W. E. Reynolds agreed to accept $1.25 per foot for the depth so drilled, and it was further agreed that M. K. Ownby would deposit $650 in the First National Bank of Morris, Okla., and $1,000 in the First National Bank of Muskogee, Okla., to the credit of W. E. Reynolds as payment to said W. E. Reynolds as soon as the well was completed to a depth of 1,300 feet, and, in case the well was drilled to a depth of 2,000 feet, M. K. Ownby agreed to make an additional deposit of $875 in the First National Bank of Morris, Okla., to be paid to Reynolds when the well was completed to that depth. Memorandum agreements were entered into as follows:

"The $1,000 now held in escrow in First National Bank between M. K. Ownby and H. B. Nelson is to be applied on the drilling of the above-described contract.

"H. B. Nelson,
"By J. Prewitt Nelson.
"M. K. Ownby."

"We have this day authorized the First National Bank of Muskogee, which holds $1,000 in escrow between H. B. Nelson and M. K. Ownby on an oil lease in section 15, township 13, range 15, to turn over the said $1,000 to W. E. Reynolds, when the conditions of a contract have been complied with, said contract being signed by M. K. Ownby and W. E. Reynolds, under date of April 22, 1914, and attached to the oil lease now in the above-mentioned bank.

"H. B. Nelson.
"By J. Prewitt Nelson.
"M. K. Ownby."

The evidence shows that the well was drilled to a depth of 1,350 feet, and that no oil was found: that work was stopped on the well upon the direction of M. K. Ownby, and the only question before the trial court was a construction of the contract and the memorandum agreements attached thereto.

We can find no error in the construction placed upon these instruments by the trial court. The original contract contemplated that the $1.000 in the First National Bank of Muskogee, Okla.. together with the $650 in the First National Bank of Morris, Okla.. should be paid to W. E. Reynolds as soon as the well was completed to a depth of 1,300 feet. This well was completed to that depth, at which time Ownby directed that the work stop. The condition of the $1.000 deposit which was approved by H. B. Nelson, the party owning property in the vicinity in which the well was being drilled, was that the $1.000 be turned over to W. E. Reynolds when the conditions of the contract had been complied with, and under the construction of the trial court, and that wh'ch we place upon the original contract, the same had been fully performed by Reynolds. It is true that there was a condition subsequent by which Ownby could have had the well drilled to a depth of 2.000 feet by making an additional deposit of $875. This he refused to do, and Reynolds was not obligated to drill to the depth of 2.000 feet until such deposit was made.

The only assignment of error presented by the brief is: "Did the court err in not rendering judgment for the plaintiff in error, Nelson?" This is in substance the same as assignment No. 3. that. "Said court erred in entering judgment against plaintiff in error." This assignment of error is too general; it does not direct this court's attention to any facts showing cause for reversal.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.