## LEVIN v. COOK et al.

No. 10415—Opinion Filed Nov. 29, 1921.

(Syllabus.)

1. **Contracts—Construction—Intent.**

The primary purpose in the construction of contracts is to ascertain the intent of the parties.

2. **Same—Construction of Building Contract.**

In construing contracts the intention of the parties is to be ascertained by a consideration of the whole instrument.

3. **Same.**

The construction of a clear and unambiguous written contract is for the court.

4. **Same.**

In an action by A. and B. against C. to recover on account for materials alleged to have been sold to C. for the construction of a building, where the evidence introduced on the trial of the cause shows that A. and B. furnished and sold the lumber to D., who had contracted with C. to construct the building, and that A. and B. in furnishing the material to D. charged the same upon their books to D. and had entered into a written contract with C. and D. under the terms of which it was provided that in consideration of C. depositing with F. the sum of $8,000, out of which sum A. and B. were to receive pay for materials furnished, and A. and B. agreed to furnish to D. the materials with which to construct the building and that they would protect C. from any other

bills for material from whomsoever presented, held, that A. and B. cannot recover from C. any amount for materials furnished for the construction of the building in excess of the $8,000 stipulated to be deposited with F. in the contract, and that the court committed reversible error in instructing the jury to return a verdict in favor of A. and B. in an amount in excess of the $8,000 stipulated to be deposited with F. according to the items of the written contract.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by J. W. Cook and John H. West, partners, doing business under the name of Cook-West Lumber Company, plaintiffs, for the recovery of $2,664.45 against Sam Levin. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with instructions.

J. H. Spurgeon, Nesbitt & Nesbitt, and A. C. Wallace, for plaintiff in error.

Verne E. Thompson and Clyde Morsey, for defendants in error.

KENNAMER, J. J. W. Cook and John H. West, partners, doing business under the name of Cook-West Lumber Company, plaintiffs, commenced this action in the district court of Ottawa county against Sam Levin, defendant, to recover the sum of $2,664.45 alleged to be due the plaintiffs upon an account for lumber and supplies sold to the defendant. The plaintiffs attached an itemized statement of the account duly verified to their petition as exhibit "A." The plaintiffs alleged that the defendant had agreed to pay the account, but there remained due and unpaid the sum of $2,664,45.

The defendant, Sam Levin, filed a verified answer, which contained a general denial of the allegations of the petition.

The cause was tried to a jury in July, 1918, and after the introduction of the evidence on behalf of the plaintiffs and the defendant, on request of the plaintiffs, the court directed a verdict in favor of the plaintiffs in the sum prayed for in their petition. Defendant filed a timely motion for a new trial, which was overruled by the court, and the defendant has appealed to this court to reverse and vacate the judgment and appears here as plaintiff in error.

The parties, for convenience, will be referred to as they appeared in the trial court.

The assignments of error as presented in the petition in error present for review the question as to whether the trial court erred under the facts as disclosed by the record in directing a verdict in favor of the plaintiffs.

A brief review of the evidence discloses that about the 29th day of May, 1917, the defendant, Sam Levin, entered into a written contract with Mike Stipel wherein Levin contracted with Stipel to build him a two-story brick hotel building at Commerce, Oklahoma. Stipel, as contractor, agreed to build said building and furnish all materials according to plans and specifications prepared by Charles H. Sudhoelter Company, architects. The contract entered into between Stipel and Levin contained a bond to be executed by Stipel which in terms was the usual bond executed by contractors for the purpose of binding the contractor to perform the terms of his contract of construction and furnishing the materials. It appears that Walter L. McCracken. of the firm of McCracken & Coday, real estate dealers, undertook to assist Stipel in securing sureties for Stipel in making the bond, but after some negotiations failed to get any one to sign the bond as surety, but that the plaintiffs, Cook and West,, being lumber dealers, became interested in furnishing the material to construct the building, and that after some negotiations by the parties the following contract was entered into between Levin, the plaintiffs, and Stipel, to wit:

"Agreement.

"This agreement made and entered into this the 29th day of May, 1917, by and between Sam Levin, of Joplin, Missouri. party of the first part, and J W. Cook and John H. West, of Commerce, Oklahoma, parties of the second part.

"Witnesseth, That Sam Levin, hereby agrees to advance money to McCracken & Coday, of Commerce, agents, to the amount of 80% of the work done on a certain building, known as the Alexander Hotel, which is to be erected by Mike Stipel, contractor and inspector and O. K.'d by C. H. Sudhoelter, architect, who will pay all moneys so received to the J. W. Cook and John H. West, or Cook-West Lumber Company, except labor bills presented by workmen with order from contractor.

"Parties of the second part hereby agree that all moneys paid them by the said McCracken & Coday, agents, will be applied on material bills. for material furnished the said Mike Stipel, contractor. for said building, and further agree that they will furnish all material used in said building. and will warrant the party of the first part against any and all bills from whomsoever, for material used in said building, provided sufficient money is advanced by the said McCracken & Coday, agents, to cover such of the first part itemized bills for all material furnished by them.

"Party of the first agrees to advance to the said McCracken and Coday, agents, the

unpaid balance of the contract price of $8,000.00 on the acceptance of said building by said architect

"The said McCracken & Coday hereby agree to keep an itemized statement of all moneys received and disbursed by them, as above stated.

"The above described building to be located on lots numbered 16, 17, 18, 19 and 20 in block number 36, in North Miami, Oklahoma.

"The said contractor hereby agrees to advance the sum of five hundred dollars of his personal money on labor bills, on above described building.

"Sam Levin,
"Cook-West Lbr. Co.
"By J. W. Cook.
"McCracken & Coday.
"By Walter L. McCracken.
"Mike Stipel."

The evidence on the part of the plaintiffs disclosed that the materials which were furnished to Mike Stipel for the construction of the hotel built by Stipel for the defendant, Levin, were charged to Mike Stipel. The testimony of John H. West, one of the plaintiffs in the action, disclosed that an itemized statement of the account of the material furnished for the construction of the hotel was mailed to the defendant, which statement was introduced in evidence, and the same showed that the material furnished to Stipel was charged to him and not to the defendant, Levin.

The evidence is conclusive that the account on which the plaintiffs seek to recover was the account of Stipel and not of Levin. The written agreement herein set out and introduced in evidence as plaintiffs' exhibit "B" clearly shows that in consideration of the defendant in this cause paying to McCracken & Coday $8,000 plaintiffs agreed to furnish the material for the construction of the hotel in question, and that said plaintiffs warranted to protect the defendant against any and all bills from whomsoever for material used in said building. It is true that the contract provided if sufficient money was advanced by McCracken & Coday to cover such bills, but a subsequent clause of said contract placed a limitation upon the amount of money for Levin to deposit with McCracken & Coday to pay such bills, which amount was fixed at $8,000. A rule of law well established applicable to the construction of contracts is that the primary purpose in the construction of a contract is to ascertain the intention of the parties as expressed. 13 C. J., section 482, pages 521, 522, and 523; Union

Trust Co. v. Shelby Downard Asphalt Co., 55 Okla. 251, 156 Pac. 903; Nelson v. Reynolds, 59 Okla. 168, 158 Pac. 301; Brown et al. v. Coppadge et al., 54 Okla. 88, 153 Pac. 817.

Another well-established rule of law in the construction of contracts is that in ascertaining the intention of the parties the whole instrument must be construed as a whole and the intention of the parties deduced from the entire agreement and not from any part or parts if it. 13 C. J., section 486, pages 525, 526, 527; Withington v. Gypsy Oil Co., 68 Oklahoma, 172 Pac. 634.

Applying these well-known rules of construction to the contract in question, it is apparent that the intention of the parties to contract was that the defendant was to deposit with or pay to McCracken & Coday the sum of $8,000, and that the plaintiffs in consideration of the payment of this sum of money to the said McCracken & Coday were to furnish the material to Mike Stipel to construct the hotel being built by the defendant, and that the plaintiffs would protect the defendant against any and all other bills for material furnished in the construction of the building. The contract, construed as a whole, appears to be plain and unambiguous, and fixes the respective duties and liabilities of the parties to this action. The construction of the same was one for the court, and is decisive of the issues involved in the action. 13 C. J., section 987, pages 780, 781; Brown et al. v. Coppadge et al., 54 Okla. 88, 153 Pac. 817.

The plaintiffs' action is based upon their allegation in the petition that the material was sold to the defendant, which he contracted to buy and agreed to pay for, and their evidence conclusively, considering the written contract and the fact that the material was charged to Stipel on their books, shows that they failed to establish their cause of action except for the sum of $73.01, which the defendant admitted was the balance due on the $8,000, which he agreed to deposit with McCracken & Coday as stipulated in the written contract.

This court has held that a subcontractor, materialman, or a workman between whom and the owner there is no privity of contract and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner. It is, therefore, obvious, in the absence of a contract with the defendant Levin and no privity of contract existing between Levin and the plaintiffs, they cannot sustain

this action. Paulsen et al. v. Western Electric Co., 67 Oklahoma, 171 Pac. 38; Union Bond & Investment Co. et al. v. Bernstein et al., 40 Okla. 527. 139 Pac. 974.

This court, in the case of Steger Lumber Co. v. Haynes et al., 42 Okla. 716, 142 Pac. 1031, held:

"A subcontractor, who furnishes material for the construction of a building, is not entitled to a lien, under section 4529, St. Okla. 1893 (section 3864, Rev. Laws 1910), to secure a claim for such material, to any amount in excess of the price at which he was bound by contract with the original contractor to furnish the same."

In view of the authorities herein cited and the facts as disclosed by the record. the conclusion is inevitable that the trial court erred in instructing a verdict in favor of the plaintiffs. and the judgment must be reversed.

We conclude that the plaintiffs are only entitled to recover such amount as is due under the written contract or has not been paid as provided for in the contract of the $8.000. The cause is. therefore, reversed and remanded to the district court of Ottawa county, with irections to gran the defendant a new trial and proceed with the cause in accordance with the views herein expressed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.