Note.—See under (1, 2) 31 Cyc. p. 617. (3) 13 C. J. p. 683, §776; anno. L. R. A. 1916E. 944; 6 R. C. L. p. 896, et seq., 2 R. C. L. Supp. p. 238; 4 R. C. L. Supp. p. 450; 5 R. C. L. Supp. p. 376; 6 R. C. L. Supp. p. 418; (4) 4 C. J. p. 177, §1786; 2 R. C. L. p. 131; 1 R. C. L. Supp. p. 405; 5 R. C. L. Supp. p. 72. (5) 08 C. J. p. 1179, §84 (Anno).

---

### SPRING v. MAJOR.

No. 16520.   Opinion Filed July 26, 1927.

Rehearing Denied Sept. 13, 1927.

(Syllabus.)

1. **Contracts—Interpretation—Intention and Purpose of Parties—Construction as a Whole.**

The intentions and purposes of parties to a contract, in the absence of allegations of fraud, accident or mistake in the execution thereof, must be determined from the language of the contract, the subject-matter thereof, and the relation of the parties thereto. And if there be several stipulations in the contract, the same must be considered together and so construed as to be consistent with every other part.

2. **Trial—Overruling Demurrer to Evidence and Refusing Directed Verdict—When Proper.**

In a law action, where there is proof ad-duced by plaintiff in support of the allegations of the petition, it is not error for the trial court to overrule defendant's demurrer to the evidence. Nor is it error in such case to deny defendant's request for a directed verdict.

3. **Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In a law action tried to a jury the verdict of the jury and the judgment of the trial court thereon rendered will not be disturbed on appeal where there is any evidence in the record reasonably tending to support the findings of the jury.

4. **Same—Judgment Sustained.**

The record examined, and sufficient evidence appears to support the judgment of the trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by Janie B. Major, administratrix of the estate of L. D. Major, deceased, against A. A. Spring for the recovery of $3,747.91, as for debt under a contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Bailey & Hammerly and John L. Vertrees, for plaintiff in error.

Melton & Melton, for defendant in error.

TEEHEE, C. This was an action of debt brought on August 1, 1923, by Janie B. Major. as administratrix of the estate of L. D. Major, deceased, plaintiff below, against A. A. Spring, defendant below, for the recovery of $3,747.91 as monies due the plaintiff under the terms of a contract entered into on May 16, 1919, by and between L. D. Major and A. A. Spring, a copy of which, by exhibit, was made a part of the petition. As the parties thus appeared in the trial court they will hereinafter be referred to.

The contract reads as follows:

"This agreement made entered into on this the 16th day of May, 1919. by and between L. D. Major of Chickasha, Okla., and A. A. Spring of Ryan, Okla., as follows, to wit:

"That, whereas, the said L. D. Major is owner of ninety (90) per cent. of the stock of the Ryan Cotton Oil Company, of Ryan, Okla., and the said A. A. Spring is the owner of ten (10) per cent. of the stock of the Ryan Cotton Oil Company, of Ryan, Okla., which property consists of a cotton oil mill located at Ryan, Okla., and a line of gins located as follows:

"Two at Terrell, Okla., and one each at Ryan. Sugden, Waurika, Addington, Comanche, Duncan, and Ringling, Okla., and

"Whereas, said porperty is security for the following indebtedness to wit:

"All accounts and notes now existing or hereafter arising and being indebtedness of the Ryan Cotton Oil Company of Ryan, Okla.

"Said notes being signed and executed by said L. D. Major and A. A. Spring, jointly, and by L. D. Major, A. A. Spring and others

"It is hereby understood and agreed that when above accounts and notes become due and payable, and in case of forced collection or otherwise, of said accounts and notes, together with accrued interest and attorneys' fees, that the said L. D. Major agrees to pay his portion of said indebtedness according to the amount or per cent. of the property owned by him, as above described, and the said A. A. Spring agrees to pay his portion of said indebtedness according to the amount or per cent. of the property owned by him, as above described, and the said L. D. Major and A. A. Spring hereby bind themselves, their heirs, executors. and administrators to perform said duties and pay said indebtedness as above agreement.

"(Signed)    L. D. Major,
"(Signed)    A. A. Spring."

Thereunder plaintiff alleged that defendant was due her the sum of $3,747.91, for which amount she prayed judgment.

Defendant answered by general denial, and further answered as follows: .

"I. The defendant admits that on the 15th day of May, 1919, this defendant was the owner of a small amount of stock in the Ryan Cotton Oil Company, a corporation, but this defendant denies that this plaintiff, by any agreement, oral or written, ever agreed to assume or pay any part or portion of the debts and claims enumerated in plaintiff's petition. This defendant further says that the contract attached to plaintiff's petition and marked Exhibit "A," did not affect or cover any part or portion of the claims alleged in said plaintiff's petition and that the said defendant is not liable in any manner for any part or portion of the same.

"2. For further answer to plaintiff's petition this defendant says that long prior to the institution of this suit that this defendant was involved in certain dispute and controversy with the said plaintiff in this action by reason of certain claims alleged to be due and owing by this defendant because of certain obligations of the Ryan Cotton Oil Company; and that this defendant and this plaintiff entered into a full and complete agreement whereby on the payment of the sum of $10.000. and the release and discharge of certain claims against the estate of the said L. D. Major, deceased, represented by the plaintiff herein, that this defendant was to be and was discharged and released from any and all claims of whatever nature or character claimed by the said plaintiff herein, and that this defendant in fulfillment of the terms of said agreement paid said sum and released said claims held by said defendant against said plaintiff; that this defendant is in no wise indebted to said estate in any manner whatsoever." .

Plaintiff by replication traversed all affirmative allegations contained in the answer. On October 2, 1923, the cause was tried before a jury with a verdict for plaintiff in the amount sued for, upon which judgment against the defendant was rendered. For a reversal of this judgment defendant urges several grounds which may properly be resolved into two propositions: First, interpretation of the contract in relation to the items involved; and, second, the sufficiency of the evidence to sustain the judgment.

Under the first proposition, defendant urges that the trial court erred in not sustaining his demurrer to plaintiff's evidence, and in refusing his request for an instructed verdict, and in certain instructions given. These contentions involve the question of whether or not the claims forming the basis of the suit were included within the terms of the contract.

The accounts sued on were evidenced by notes of the company to various banks and individuals, and bore date subsequent to the date of the contract, with the amount of payments thereon by plaintiff aggregating $37,479.11, 10 per cent. thereof being the amount for which judgment was prayed. Defendant contends that under the terms of the contract his liability extended only to notes whereon his name was attached and not to obligations as here, whereon his liability was not thus fixed and that in order to fix his liability, as contended for by plaintiff, it would be necessary to construe the word "and" before the word "others" in the paragraph of the contract reading:

"Said notes being signed and executed by said L. D. Major and A. A. Spring, jointly, and by L. D. Major, A. A. Spring and others"

—as meaning "or" so that the effect of the language employed by the contracting parties would be to establish their liability in the proportion fixed both as to all notes of the company whereon the names of the contracting parties were fixed and all notes signed and executed by others.

There is no dispute between the parties as to the rules of interpretation as declared

by legislative expression in sections 5039, 5050, and 5051, C. O. S. 1921, and many adjudications by this court. The point of divergence is in the application of these rules to the contract upon which this action was predicated. As here,

"The intentions and purposes of parties, as evidenced by a contract, in the absence of allegations that fraud, accident, or mistake entered into its execution, are to be determined from the language of the agreement, the nature of the subject-matter contracted about, and the relation of the parties thereto." Cherokee Oil & Gas Co. v. Lucky Leaf Oil & Gas Co., 116 Okla. 121, 242 Pac. 214; 6 R. C. L. 836, par. 226.

"The intention of the parties must be deduced from the entire agreement, not from any part or parts of it, and where a contract has several stipulations, the intention of the contracting parties is not expressed by any single clause or stipulation, but by every part and provision in it, which must all be considered together, and so construed as to be consistent with every other part." Withington v. Gypsy Oil Co., 68 Okla. 138, 172 Pac. 634; Hammett Oil Co. v. Gypsy Oil Co., 95 Okla. 235, 218 Pac. 501; Levin v. Cook, 84 Okla. 55, 202 Pac. 299; 6 R. C. L. 837, par. 227.

Being a question of law (Cherokee Oil & Gas Co. v. Lucky Leaf Oil & Gas Co., supra):

"To determine the intention of the parties in making a contract, the court should place itself, as far as possible, in the position of the parties when the contract was made." King v. Turner, 109 Okla. 77, 234 Pac. 564; Withington v. Gypsy Oil Co., supra.

As noted, the parties were the owners of all of the capital stock of the Ryan Cotton Oil Company. This ownership was in the proportion of 90 per cent. to L. D. Major and 10 per cent. to A. A. Spring. The company owned several gins located at different points. In its operation. obligations were contracted and incurred for the discharge of which the property of the company was liable.

At the time of the execution of the contract. there were then outstanding certain accounts and notes. The notes were signed and executed by L. D. Major and A. A. Spring, jointly, and by L. D. Major. A. A. Spring and others. In order to limit the liability of the respective owners of the company in the proportion of their ownership of the stock, it was agreed that, by reason of the ownership of 90 per cent. of the stock of the company, L. D. Major's liability on these accounts and notes should be 90 per cent. thereof, and that A. A. Spring's liabil-

ity by reason of his ownership of 10 per cent. of the stock should be 10 per cent. of the accounts and notes then outstanding, irrespective of their liability as may otherwise be fixed by virtue of their execution or indorsement of the then outstanding obligations. To that end the contract here involved was entered into. In addition to fixing the liability of the respective owners of the company as to its then existing and outstanding indebtedness, it was further provided that the same ratio of liability shall extend to all accounts and notes "hereafter arising and being indebtedness of the Ryan Cotton Oil Company of Ryan, Oklahoma."

Under the established rules of construction we are not warranted in taking a single paragraph of the contract to determine the intention of the parties thereto, and, therefore, when the paragraph relied on by defendant is read in connection with the preceding paragraph, which referred to "all accounts and notes now existing or hereafter arising and being indebtedness of the Ryan Cotton Oil Company," it is clear that the succeeding paragraph had relation to the then existing and outstanding notes, executed as indicated, and that the contract in its entirety had relation to existing and future obligations, and that in respect to all of such accounts and obligations of the company the liability of the contracting parties was to be fixed in the proportion of their ownership of the capital stock of the company. Hence, with plaintiff's evidence disclosing defendant's liability thereunder in the obligations involved, it was not error for the trial court to overrule defendant's demurrer thereto. German-American Bank of Blackburn et al. v. Rush, 68 Okla. 56, 171 Pac. 713.

Upon the affirmative matter contained in defendant's answer, there developed from the evidence a conflict as to whether or not the settlement relied on by defendant was complete as to all obligations of the company, and thus a question of fact was raised for determination by the jury. In these circumstances, and, there being evidence to support the verdict rendered, the court properly refused defendant's request for a directed verdict. Hamil v. Joyner, 103 Okla. 216. 229 Pac. 768; Jones v. Citizens' State Bank, 39 Okla. 393, 135 Pac. 373.

The instructions of the court complained of read as follows:

"You are instructed, gentlemen of the jury, should you find and believe from a fair preponderance of the evidence in this case that the plaintiff's decedent, L. D. Major, and the defendant, A. A. Spring, entered

into a written contract as alleged by plaintiff by the terms of which contract the defendant, A. A. Spring, agreed to pay ten per cent. of the amount of the notes of the Ryan Cotton Oil Company, that could not be collected from the Ryan Cotton Oil Company, or that were paid by the plaintiff's decedent, L. D. Major, and that the plaintiff herein paid any of said notes under the terms of said contract, then and in that event the plaintiff would be entitled to recover judgment for ten per cent. of such sums as you find and believe from all the evidence in this case were so paid by the said Janie B. Major, plaintiff herein, under the terms of said contract, in no event to exceed the sum sued for in this action, unless you find such sums have been otherwise settled by the said A. A. Spring."

Defendant complains that there was nothing in the contract to fix his liability at 10 per cent. of obligations that could not be collected from Ryan Cotton Oil Company, and that the language thus employed was an interpretation by the court of the contract sued on, the effect of which was to indicate to the jury that the amount sued for could not or was not collected from the company, and therefore the defendant, regardless of any other facts, was liable therefor under the terms of the contract. Under the record the case was tried on the theory that the estate of L. D. Major was insolvent, the effect of which, by reason of the estate's ownership of 90 per cent. of the company, was that the company was insolvent, and therefore this instruction was but conformable thereto. Hence, such an intepretation would logically follow, and the jury, even in the absence of such instructions under the record, must have arrived at such conclusion themselves, if this was necessary to be done, in determining the question of fact submitted to them.

This brings us to the second proposition: That of the sufficiency of the evidence to sustain the judgment. As noted, there was an affirmative defense. The burden of proof was upon the defendant in this respect. He introduced evidence in support of this defense to show that the settlement relied on was in fact a complete discharge of the defendant from any and all liability under the terms of his contract. There was evidence that the plaintiff did not so understand the transaction, but that it did operate as a complete settlement of certain obligations, on one of which one of defendant's witnesses Earl Spring, was liable wherever litigation was then pending. This contention of plaintiff finds support from the fact that upon a certain payment by the witness then made, the litigation was dismissed, and that no final

acquittance was given to the defendant. In these circumstances the rule relied on by defendant, as defined by section 5052, C. O. S. 1921, that where the terms of a promise are not clear, interpretation thereof must be as promisor believed that the promisee understood the promise, is of no avail to defendant. Upon this proposition the court fully instructed the jury. The jury concluded that the transaction thus relied on by defendant did not so operate as a release of all liability under the contract.

In these circumstances, under well established rules, this court cannot undertake to determine on which side of the case the evidence was preponderant for there is evidence in the record to support the verdict of the jury. Sharum v. Sharum, 121 Okla. 53, 247 Pac. 97; United Fig & Date Co. v. Carroll, Brough, Robinson & Humphrey, 116 Okla. 82, 243 Pac. 211.

Upon the whole case, therefore, we cannot say that the cause should be reversed. Accordingly the judgment of the district court is affirmed.

BENNETT, FOSTER, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.